7246

## FOGLE v. SOUTHERN RY.

1. CARRIER—FREIGHT.—Portion of charge excepted to construed with the whole, *held* not to have instructed jury that shipper could recover on proof of request to ship and of office closed, but that he must show ·negligence or wilfulness.

2. DAMAGES.—It is not prejudicial error for Judge to instruct jury a party *ought not* to recover any more damages than he proves.

3. PUNITIVE DAMAGES.—Whether there was any proof of punitive damages can only be considered on appeal from order refusing nonsuit or to direct a verdict.

4. EXCEPTION charging error in refusing new trial on entire record is too general.

Before WILSON, J., Bamberg, fall term, 1908.    Affirmed.

Action by J. J. Fogle against Southern Ry.    From judgment for plaintiff, defendant appeals on the following exceptions:

1. "Because the Circuit Judge erred in charging the jury as follows: 'It is for you to say whether or not those are the facts or not; whether the railroad company was requested to ship them or not, and whether the office was open or closed; and if you find that those are the facts, what amount of damages has the plaintiff sustained, if you find that he has sustained any at all?' (a) It being respectfully submitted that the language of the Judge caused the jury to believe that in order for the plaintiff to recover it was only necessary for the plaintiff to prove that the plaintiff requested the defendant to· ship the melons and that the office was closed.    It being respectfully submitted, that the Judge was in error in so charging.

2. "Because it was error for the Circuit Judge to charge the jury in the following language: 'There are two kinds of damages; there are two kinds of damages, compensatory, or actual damage; that is, to make a man whole, to repay him his actual loss; or they may be pecuniary,

vindicative or exemplary damages, that means that in addition to the actual damages that a man has sustained, vindicative or exemplary damages are awarded by way of punishment to the wrong-doer, what we generally call smart money; not only gives the one damaged actual damage, but sets an example to deter others or the same party from doing the same thing; those are called vindicative, pecuniary or exemplary damages. In this case they claim that the plaintiff is not only damaged seventy-five dollars, but by reason of the wilful, wanton, malicious act of the defendant he should be paid an additional amount on account of the wanton acts of the defendant. Now, what is next? The plaintiff says that the defendant was negligent. Negligence is the failure to do what a reasonable and prudent person would have done under the circumstances, or in doing what a reasonable and prudent person would not have done under the circumstances. It may be an act of omission or an act of commission. Or, when it is your duty to do a thing, then, not doing it, under ordinary circumstances; the not doing it under circumstances that the person of ordinary prudence and care would have done.' Thereby causing the jury to believe that punitive damages could be given for mere negligence.

3. "Because the Circuit Judge erred in charging the jury as follows: 'If you believe that he is entitled to recover, the question would be, what amount. That is entirely with you; he can't get any more than he claims, and he ought not to get any more than he has proven, if any.' Thereby causing the jury to believe that it was within the discretion of the jury to give more damages than was proven.

4. "Because the Circuit Judge erred in overruling the motion for a new trial, made upon the ground that the verdict was not warranted by the testimony.

5. "Because the Circuit Judge erred in refusing the motion for a new trial, made upon the ground that there was no testimony to warrant the finding of the verdict for

punitive damages, and, since the plaintiff testified that the value of the melons was only seventy-five ($75) dollars, it is evident that the jury awarded punitive damages.

6. "Because the Circuit Judge was in error in not granting the motion for a new trial, made upon the ground that the amount of the verdict was excessive and that a new trial *nisi* should be granted.

7. "Because the Circuit Judge erred in refusing to grant the motion for a new trial, made upon the entire record of the case."

*Mr. J. F. Carter,* for appellant, cites: *When punitive damages should not be awarded:* 29 S. C., 265; 34 S. C., 381, 311; 73 S. C., 181; *Wood* v. *Mfg. Co.,* 80 S. C.

*Mr. S. G. Mayfield,* contra, cites: *There was a scintilla of evidence as to recklessness:* 78 S. C., 556; 81 S. C., 31; *Huggins* v. *R. R.,* 78 S. C.

July 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff through the negligence and wantonness of the defendant in failing and refusing to issue a bill of lading for the shipment of a carload of melons, valued at $75.

The jury rendered a verdict in favor of the plaintiff for $150; and the defendant appealed upon exceptions, which will be incorporated in the report of the case and considered in regular order.

First exception.

When the portion of the charge, set out in the exception, is considered in connection with the other parts thereof, it will be seen that his Honor, the presiding Judge, did not instruct the jury so as to cause them reasonably to believe that in order for the plaintiff to recover it was only necessary for him to prove that he requested the defendant to ship the melons, and that the

office was closed, but, also, that it was incumbent on the plaintiff to prove negligence or wilfulness from which he suffered damages.

Second exception.

We are unable to discover, in that portion of the charge set out in the exception, any expressions on the part of the presiding Judge, manifesting an intention to convey the idea that punitive damages could be given for mere negligence.

Third exception.

The appellant's attorney, in his argument, contends that the words "can not," instead of "ought not," should have been used.

We are unable to discover any prejudicial error in this respect.

Fourth, fifth and sixth exceptions.

Following the arrangement adopted by the appellant's attorney, these exceptions will be considered together. They can not be sustained (even if it should be conceded that there was no evidence of punitive damages), for the reason that the question whether there were such damages is not properly before this Court for consideration, as there was not a motion for a nonsuit or the direction of a verdict, as required by Rule 77 of the Circuit Court, which provides that "the point that there is no evidence to support an alleged cause of action shall be first made, either by a motion for nonsuit or a motion to direct a verdict."

The appellant's attorney relies upon the case of *Barfield* v. *Coker,* 73 S. C., 181, 53 S. E., 170. The opinion in that case, however, was filed in January, 1906, and the rule was not adopted until December, 1906.

Seventh exception.

This exception is too general to be considered.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.