## 9365

### THOMAS DRUG STORE v. NATIONAL SURETY CO.

#### (88 S. E. 442.)

1. APPEAL AND ERROR—REVIEW—QUESTIONS NOT PRESENTED BELOW.— The question whether the evidence supported plaintiff's claim, not raised in the Circuit Court on defendant's motion for nonsuit or on its motion to direct a verdict cannot be considered on appeal.

2. APPEAL AND ERROR — PREJUDICIAL ERRORS — INSTRUCTIONS. — In an action against a surety company on its bond, a charge that, if plaintiff had failed to comply with the contract with the surety's principal on its part, the surety was relieved from all liability thereunder unless the conditions had been waived, was prejudicial error, as under it the jury might have thought that the surety was bound by a waiver by its principal.

3. PRINCIPAL AND SURETY — CONTRACT INSURED. — A surety company insures only the original contract contemplated by it, and not a contract substituted therefor by the parties to the original agreement; the surety, though not favored by the law, being entitled to stand on its contract as made.

4. CONTRACTS — "WAIVER." — "Waiver" is the relinquishment of rights under and requirements of a contract as made and the substitution of a modified, *i. e.,* a new contract.

5. PRINCIPAL AND SURETY—BOND—LIABILITY SECURED.—Where the contract between a drug store and a contest company, whose business it was to increase sales of retail dealers, provided that, if 3 3-5 per cent. of the store's gross sales for the next year did not amount to $1,800, the contest company would pay the deficiency at the rate of 9 cents on each dollar of shortage, and send its bond for $1,800 to cover the arrangement, the surety company's bond for $1,800, returned to the drug company pursuant to the agreement, secured a liability of $1,800, and not 9 per cent. of $1,800.

Before WILSON, J., Columbia, February, 1915.   Reversed.

Suit by the Thomas Drug Store against the National Surety Company.   From a judgment for plaintiff, defendant appeals.   The facts are stated in the opinion.

*Messrs. Barron, McKay, Frierson & Moffatt,* for appellant, cite: *As to performance of contract:* 69 S. C. 303; Code Civ. Proc., sec. 212; 9 Cyc. 719. *Effect of variation in terms of contract of suretyship:* 23 S. C. 590; 37 S. C. 181; 51 S. C. 59; 74 S. C. 251; 21 L. R. A. 115; 9 Wheaton 703; Stearns, Suretyship, sec. 72; 32 Cyc. 177-182; 10 S. C. 197 and 235; 41 S. C. 217; 32 S. C. 238; 76 S. C. 561; 69 S. C. 70. *Waiver:* 63 S. C. 188; 69 S. C. 304. *Rule of construction of contract:* 57 S. C. 466; 84 S. W. 764; 183 U. S. 402; 99 Md. 423; 105 Am. St. Rep. 313; 33 L. R. A. 513; 47 L. R. A. 290; 38 L. R. A. 698; 32 Cyc. 306; Stearns, Suretyship, sec. 255, pp. 449-452. *Issues:* 99 S. C. 421.

*Messrs. W. Hampton Cobb* and *Blackwell & Thomas,* for respondent, submit: *Points not made on Circuit cannot be considered on appeal:* 89 S. C. 391; 73 S. E. 583; 93 S. C. 119; 94 S. C. 366; 100 S. C. 138. *Waiver of stipulation in contract:* 40 Cyc. 265, 266 and 270; 51 S. C. 469; 7 A. & E. Enc. of L. 155. *Harmless error:* 73 S. C. 557; 86 S. C. 162; 87 S. C. 18; 88 S. C. 91; 61 S. C. 338; 93 S. C. 195; 71 S. C. 444; 93 S. C. 711. *Relation of Surety Company to obligee of bond:* 32 Cyc. 306, 307; 128 N. W. 12; 44 L. R. A. (N. S.) 848; Civil Code, sec. 2724; 57 S. C. 466. *Construction of contract:* 27 Wash. 429; 67 S. C. 989; 98 S. W. 387; 80 Fed. 766; 94 S. C. 302.

*Messrs. Barron, McKay, Frierson & Moffatt,* for respondent, in reply, cite: 89 S. C. 391; 93 S. C. 119; 100 S. C. 138; 23 S. C. 592.

April 9, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a suit on a bond given by the defendant to secure this contract:

"American Manufacturing Company, of Chicago, Ill., Lexington, Tenn.—Gentlemen: Please reserve and ship to us at your earliest convenience, f. o. b. factory, your automobile, 16 dinner sets and advertising matter, described on this and reverse side, in payment for which we hereby hand you our eight notes for $1,800, payable to your order. Our last twelve months sales were $30,000. Our next twelve months sales are to be $50,000. If this order is not approved the notes are to be canceled and returned to us.

"If 3 3-5 per cent. of our gross sales for the next twelve months does not amount to eighteen hundred ($1,800) dollars, you will pay us the deficiency at the rate of 9 cents on each dollar you fall short and send us your bond for $1,800 to cover this agreement with us.

"To make this last clause binding upon you we agree to take the shipments promptly, carry out the contest plan, promptly meet all obligations entered into under this agreement, keep the automobile well displayed in our place of business, issue automobile votes for each cent purchased, and every sixty days of this contest to report to you our gross sales for one year, and promptly furnish you all information you request to enable you to assist in pushing the contest.

"In consideration of the special methods set forth in your copyrighted plan and the terms and agreements herein, this order cannot be countermanded. The title to automobile to remain in vendor until fully paid. Any verbal or written agreement not embraced herein will not be recognized and is not binding on vendor.

"Date for closing contest, June 1, 1913.

"(Date for closing contest must be given.)

"(Signed) Thomas Drug Store, Inc., Purchaser, by O. E. Thomas, Pres. Witness: C. D. Arthur.

"Town, Columbia; county, Richland; State, S. C.; freight station, Columbia; express office, Columbia. Salesman, E. A. Allen. Date, August 24th, 1912.

"Contest to begin December 2d and end June 1st."

The contract was secured by this bond:

"Know all men by these presents that we, the American Manufacturing Company, a corporation of Lexington, Tennessee, and Chicago, Illinois, as principal, and the National Surety Company, of New York, as surety, acknowledge themselves to be held and firmly bound unto Thomas Drug Company, a corporation of Columbia, South Carolina, in the penal sum of eighteen hundred and no-100 ($1,800) dollars, for the payment of which well and truly to be made we hereby bind ourselves, our successors, assigns, and representatives, jointly and severally firmly by these presents.

"The condition of this obligation is such that whereas, said Thomas Drug Company and the said American Manufacuring Company entered into a certain agreement in writing, dated August 24, 1912, a copy of which is hereto attached and made a part hereof:

"Now, therefore, if the said American Manufacturing Company shall well and truly perform all and singular the agreements set forth in said order and contract, then this obligation to be void; otherwise to remain in full force and virtue.

"It is understood between the parties hereto that the contest provided for in said contract shall begin on December 1, 1912, and that this bond shall be terminated and determined on November 30, 1913.

"In witness whereof the parties hereto have caused these presents to be executed by their proper officers and sealed with their respective seals this 30th day of November, A. D. 1912. American Manufacturing Company (Corporate Seal) by G. H. Partin, President. National Surety Company (Corporate Seal) by Chas. H. Burras, Resident Vice President. Attest: Emil L. Lederer, Res. Asst. Secretary."

The rules provided for 150 contestants. The case shows that there were only 60. It was admitted by the plaintiff that its sales for the previous year did not amount to $30,000, but was between $25,000 and $30,000, to wit, $27,567.07.

13—104

The defendant claimed general failure by plaintiff to comply with its contract. Plaintiff claimed that its sales did not increase, and asked judgment for $1,800.

At the close of plaintiff's testimony the defendant moved for a nonsuit, and at the close of all the evidence the defendant moved for the direction of a verdict on the same ground. Both motions were refused, and a verdict and judgment were given for the plaintiff.

The exceptions are:

1. That first and second exceptions are the same. The one refers to the nonsuit, and the other to the refusal to direct a verdict.

"(1) That his Honor, the presiding Judge, erred in refusing to grant defendant's motion for a nonsuit at the close of plaintiff's testimony, for the reasons that the testimony of plaintiff clearly showed that plaintiff had failed to carry out and perform the contract upon which this action is based, in that:

"(a) The rules governing the contest provided that the names of 150 contestants must be entered before the contest was 2 weeks old, and the testimony of the plaintiff showed, and it was admitted, that the names of only 60 contestants were entered during the entire period of the contest.

"(b) The rules governing the contest provided that a bulletin showing the standing of the various contestants should be mailed to the American Manufacturing Company by the plaintiff every 2 weeks, and the testimony of the plaintiff showed, and it was admitted, that the plaintiff failed to send in any bulletins whatever for the first 2½ months of the contest.

"(c) The rules governing the contest and the contract required that the plaintiff should furnish to the American Manufacturing Company every 60 days during the life of the contest reports showing its sales for the previous 60 days, and the evidence of the plaintiffs showed that the said

reports were not furnished in accordance with said rules and contract.

"(d) The contract upon which this action is based provided that plaintiff should promptly meet all obligations entered into under its agreement, and the evidence shows that plaintiff did not promptly pay notes given under said contract.

"(e) The rules governing the contest provided that plaintiff should give credit votes to the various contestants in accordance with the book of instructions given, and the evidence shows that plaintiff did not follow out said rules and instructions, or give credit votes in accordance therewith.

"And there was no testimony on the part of the plaintiff showing, or tending to show, that the American Manufacturing Company or this defendant ever waived any of the said conditions and provisions set forth, and the testimony shows clearly that the American Manufacturing Company did perform and fully carry out its part of the contract in every particular."

The respondent objects to the consideration of any subdivision except (a) and (d) on the ground that the questions were not raised in the Circuit Court on either motion. The respondent is right. A little reflection will show that the trial Judge is entitled to have the grounds of these motions fully stated. The orderly administration of the law and fairness to the trial Court demand it. The trial Judge is required to go immediately from one extreme of the law to the other. He has only a short time to ascertain the issues and the facts essential to a recovery, and during even that short time, he must be ready to decide questions of procedure and the admissibility of evidence. Few cases would ever be settled, if able counsel (such as in this case) should, after the trial, be allowed to raise questions not presented on the trial. There was some evidence on these two questions as presented to go to the jury. On

these two motions the defendant undertook to defend the principal and make common cause with it.

2. The third, fourth, and fifth exceptions complain of error in the charge as to waiver. His Honor said:

"I charge you that, if plaintiff has failed to comply with the contract on its part, defendant is relieved from all liability thereunder, unless these conditions have been waived on the part of the defendant."

The respondent claims that this is harmless error, inasmuch as there was nothing in the case to which it could apply, as the defendant had nothing to do with the transaction after it signed the bond. In this the respondent is wrong. The jury might have thought that the surety was bound by a waiver of its principal. It is true, as claimed by the respondent, that the defendant, a surety company for pay, is not a surety favored by the law, but it is entitled to stand on the contract as made. "Waiver" is the relinquishment of the rights under and the requirements of the contract as made and the substitution of a modified contract (*i. e.*, a new contract). It only insures the original, and not the substituted, contract, and there must be some evidence to show notice or acquiescence in the new contract. There was no such evidence here, and to charge the law of waiver here was misleading and harmful error.

These exceptions are sustained.

3. Appellant claims that the 9 per cent. mentioned in the bond means 9 per cent. of $1,800, and not 9 per cent. of the $20,000 of guaranteed increase. This claim cannot be sustained. The guaranteed increase was $20,000, if the plaintiff fulfilled its part of the contract. Nine per cent. of $20,000 is $1,800, and this was the amount of the bond. The bond secured a liability of $1,800, and not 9 per cent. of $1,800. This exception cannot be sustained.

The judgment is reversed, and a new trial ordered.