13741

McINTYRE v. UNITED FIVE CENT & TEN CENT STORES, INC.

(172 S. E., 220)

274

*Messrs. Gazan, Walsh & Bernstein* and *W. R. Symmes,* for appellant,

*Messrs. L. Marion Gressette* and *D. S. Murph,* for respondent.

January 2, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, instituted in the Court of Common Pleas for Calhoun County, by J. T. McIntyre, as plaintiff, against the defendant, United Five Cent & Ten Cent Stores, Inc., is a suit for damages, actual and punitive, for the sum of $2,-500.00, for alleged wrongful discharge of the plaintiff, an employee of the defendant in its mercantile business. The case was tried in said Court at the April, 1933, term, before Judge J. Henry Johnson and a jury, resulting in a verdict for the plaintiff in the sum of $300.00, actual damages, the trial Judge having on motion of the defendant ordered a nonsuit as to punitive damages. From the judgment entered on the verdict, the defendant, pursuant to due notice, has appealed to this Court, and asks a reversal of the judgment upon the grounds stated in the exceptions.

As we view the exceptions, it is the contention of the appellant that the trial Judge erred in the following particulars: (1) In not holding that the Court of Calhoun County did not have jurisdiction of the cause; (2) in refusing defend-

ant's motion for direction of a verdict for the defendant;
(3) in his charge to the jury regarding the weight that
might be given the testimony of one witness in comparison
with the weight to be attached to the testimony of a number of witnesses.

In answer to the contention of the appellant that the Court of Calhoun County did not have jurisdiction in the cause, we deem it sufficient to call attention to Section 826, Code of 1932, and the case of *Elms v. Power Company*, 78 S. C., 323, 58 S. E., 809, which we cite in connection therewith. The defendant first appeared in the case, according to notice served, for the sole purpose of objecting to the jurisdiction of the Court in Calhoun County, stating as the ground for such objection that the defendant had no employee or agent in the said County of Calhoun upon which service of the summons and complaint in the case could be made. It appears from the record that service of the summons and complaint was made upon employee and agent of the defendant in the County of Allendale where the defendant was conducting a business at the time. The defendant being a foreign corporation and sued as such, not domesticated in this State, the plaintiff had the right to institute the action in any county of the State, and, having obtained service on the defendant's agent in Allendale County, jurisdiction was acquired by the Court of Calhoun County. This position is in accord with the holding of the Court in the above-cited case, *Elms v. Power Company*. Therefore the exceptions as to the jurisdiction must be overruled.

As to the contention that the defendant was entitled to a direction of a verdict on several grounds, we call attention to the record in the case. While the record shows that the trial Judge granted a nonsuit as to punitive damages, based on defendant's motion, the record does not disclose that the defendant made a motion for nonsuit or direction of a verdict for actual damages upon any ground.

Rule 76 of the Circuit Court requires that such motion be made in order for this Court to consider an alleged error in this respect, and, such motion having not been made in the lower Court, this Court is precluded from considering the alleged error on the part of the trial Judge. See the following cases: *Fogle v. Southern Railway,* 83 S. C., 200, 65 S. E., 206; *Entzminger v. Seaboard Air Line Railroad,* 79 S. C., 151, 60 S. E., 441; *Sawyer v. Lumber Company,* 83 S. C., 271, 65 S. E., 225; *Brock v. J. J. Haley & Co.,* 88 S. C., 373, 70 S. E., 1011; *Thomas Drug Store v. National Surety Company,* 104 S. C., 190, 88 S. E., 442.

As to the error imputed to the trial Judge regarding his charge to the jury, we consider it sufficient to state that an examination of the charge convinces us that there is no ground for complaint by reason of any statement made or any language used by his Honor in connection with the charge. In dealing with the question of greater weight of the evidence, his Honor made clear the meaning of the term, but, in our opinion, said nothing that could have in any way prejudiced the cause of either litigant. We may further state that a careful study of the entire record in the case convinces us that the appellant has no just ground for complaint.

The exceptions are therefore overruled, and the judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.