14377

E. F. A. WIETERS & SONS v. DAVIS

(188 S. E., 241)

Before Stoll, J., Clarendon, June, 1936.

*Mr. J. J. Cantey,* for appellant,

*Mr. S. E. Rogers,* for respondent,

November 10, 1936.

The opinion of the Court was delivered by Mr. Justice Bonham.

Plaintiff brought action on a promissory note. For answer defendant set up five grounds of defense. By the first defense the execution of the note was admitted and all the other allegations of the complaint were denied. The second defense pleads failure of consideration. By the third defense it is alleged that defendant borrowed from the Federal Land Bank of Columbia money with which to pay his indebtedness to the plaintiff; that plaintiff furnished to the said bank a full statement of the indebtedness due it by defendant, and its agreement to accept in full settlement of such indebtedness the sum of $2,114.61, so lent by the bank; that plaintiff received and accepted said sum in full settlement and discharge of defendant's indebtedness to it. That thereby the indebtedness sued on was settled and discharged.

By the fourth defense the allegations of the third defense are reiterated and, in addition thereto, it is alleged that the statement and agreement so as aforesaid filed by plaintiff with the Federal Land Bank contained a stipulation to the effect that the plaintiff had no understanding with the defendant that it was to be paid directly or indirectly in cash, or by any evidence of indebtedness for the difference between the total amount of said indebtedness and the amount agreed to be accepted from the bank in settlement thereof. That the note sued on in this action was an attempt by the plaintiff to evade the terms of the agreement thus made by plaintiff with the bank for the benefit of the defendant.

By the fifth defense the allegations of the third and fourth defenses were repeated, and, in addition thereto, it is alleged that the defendant employed Mr. J. J. Cantey to make the abstract for and handle his application to the Federal Land Bank for the loan to pay his indebtedness to plaintiff; that after negotiations for the loan had progressed some way, he learned that Mr. Cantey also represented the plaintiff in the collection of the indebtedness of defendant to it; that the plaintiff, before, and at the time of the execution of the note sued on, and another of like tenor and amount,

through its attorney falsely and fraudulently represented to defendant that it had not and would not sign the creditors' agreement for the amount allotted by the Federal Land Bank unless and until the defendant executed to the plaintiff the two notes referred to; and plaintiff further represented that it would not accept the amount thus allotted unless the notes were executed by the defendant. That being fearful that this action thus threatened would defeat his application for the loan, defendant signed and executed the notes demanded by plaintiff, including the one sued on in this action. That thereafter defendant learned that plaintiff had then signed and forwarded the creditors' agreement; that defendant would not have signed and executed the two said notes if he had known this, and but for the false and fraudulent representations thus made by the plaintiff, and the fear and dread of financial trouble thus induced by defeat of defendant's application for loan.

Plaintiff moved to strike as sham and irrelevant all of the answer except the first defense, on the grounds:

First. That defendant admits in his answer that he was indebted to plaintiff in a considerable sum of money, which was a legal and sufficient consideration for the note in suit.

Second. It appears on the face of the answer that the note was executed subsequent to the execution of the agreement of plaintiff with the Federal Land Bank, hence defendant made a new agreement with plaintiff when he executed the note in suit.

Third. Defendant admits in his answer that he violated the rule of the Federal Land Bank and hence does not come into Court with clean hands.

The motion to strike the answer was denied, and upon the trial the jury found for the defendant.

There was no motion for directed verdict.

Plaintiff made a motion for new trial "on the ground that there was insufficient evidence to sustain the verdict as a matter of law." This motion was also denied.

The appeal stands upon five exceptions, but not so many issues are involved.

The pleadings and the evidence disclose that at one time the respondent had been employed by the appellant as a traveling salesman; that his compensation was upon a commission basis, with a drawing expense account; that the amounts drawn by him exceeded the amount of commissions he had earned. That defendant was indebted to one J. A. Weinberg, which indebtedness was secured by mortgage of real estate; that during the period of his employment by appellant the respondent induced the appellant to take up this mortgage for him. It was the threat of the foreclosure of this mortgage which induced the application for the loan from the Federal Land Bank.

The contention between the parties resolves itself into this issue: The respondent claims that the appellant agreed to accept, and did accept, the sum of the loan from the bank in full settlement of all of his indebtedness and that the note sued on was obtained through the fraudulent and false representation that the appellant would not sign and execute the creditors' agreement, required by the bank, and would not accept the amount allotted by it unless the respondent would execute this note and another of like tenor and amount.

The appellant contends that the respondent owed it two separate debts, the mortgage debt and the debt growing out of his employment as traveling salesman. That it agreed to accept the amount allotted by the bank on respondent's application for loan in settlement of the mortgage debt. That the two notes given by respondent, one of which is the note sued on in this action, were given in settlement by way of compromise, of the other indebtedness and had no relation to the mortgage debt.

The presiding Judge submitted these issues to the jury. There was testimony relevant and pertinent to both contentions and the jury decided in favor of the defendant. There was no error in submitting the matter to the jury.

The appeal rests, in its finality, upon the question contained in the ground upon which appellant laid his motion for new trial, to wit, "that there was insufficient evidence to sustain the verdict as a matter of law."

Appellant made no motion for a directed verdict upon the ground upon which he moved the trial Court for a new trial, and now urges this Court to reverse the judgment of the lower Court. He has, by this failure, shut the door in the face of his appeal.

Rule 76 of the Circuit Court provides that: "The point that there is no evidence to support an alleged cause of action shall be first made either by a motion for nonsuit, or a motion to direct the verdict; and the point that there is no evidence to support a defense shall be first made by a motion to direct a verdict."

The motion for directed verdict is prerequisite to the motion for new trial because the evidence does not support the verdict. *Wilson v. Southern Ry. Co.,* 123 S. C., 399, 115 S. E., 764.

Failure to make motion for directed verdict precludes Supreme Court from reviewing exception on that ground. *State v. Bowman,* 137 S. C., 364, 135 S. E., 360, and other citations too numerous to quote.

In the case of *McIntyre v. United Five Cent & Ten Cent Stores,* 171 S. C., 273, 172 S. E., 220, 221, Mr. Justice Carter, for the Court, said: "The record does not disclose that the defendant made a motion for nonsuit or direction of a verdict for actual damages upon any ground. Rule 76 of the Circuit Court requires that such motion be made in order for this Court to consider an alleged error in this respect, and, such motion having not been made in the lower Court, this Court is precluded from considering the alleged error on the part of the trial Judge." Citing the decisions of this Court in a number of cases.

There was no error in refusing the motion for new trial.

We have not separately passed upon each exception, but we have considered all of them and find no reversible error contained in them.

The appeal is dismissed and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.