0307

Michelle D. SWEATT, Respondent, v. G. Worth NORMAN, Jr., Individually and as Administrator of the Estate of Janet Faye Norman, Appellants.

(322 S. E. (2d) 478)

Court of Appeals

*Marvin C. Tyndall* and *Louis D. Nettles*, Florence, *for appellants.*

*George M. Hearn, Jr.* and *J. Jackson Thomas,* both of *Stevens, Stevens, Thomas, Hearn & Hearn,* Myrtle Beach, *for respondent.*

Heard Sept. 25, 1984.

Decided Nov. 1, 1984.

GARDNER, Judge:

Michelle D. Sweatt (plaintiff) brought this personal injury action against G. Worth Norman, Jr. (defendant Norman) individually and as executor of the estate of his daughter, Janet Faye Norman (intestate Norman). Plaintiff was seriously injured when the vehicle she was driving collided head-on with a vehicle being driven by intestate Norman on the wrong side of a four-lane divided highway west of Myrtle Beach, S. C. The case was tried and the jury rendered a verdict for plaintiff for $1.5 million. We affirm.

At issue are whether (1) the evidence was sufficient to submit to the jury plaintiff's contention that the ownership and use of intestate Norman's automobile brought it within the purview of the family purpose doctrine, (2) the plaintiff was contributorily negligent as a matter of law, (3) the verdict was so excessive as to indicate caprice, passion, and prejudice by the jury, (4) the trial judge erred by admitting, over objection, two pictures of plaintiff taken by her doctors prior to surgery and (5) the trial judge erred in charging Section 56-5-2930, South Carolina Code of Laws (1976), which deals with driving an automobile while under the influence.

We first address the question of the family purpose doctrine; under this doctrine, where the head of a family owns, furnishes and maintains a vehicle for the general use, pleasure and convenience of a family, he is liable for the negligence of a member of the family having general authority to drive it while the vehicle is being so used. *Lucht v. Youngblood,* 266 S. C. 127, 221 S. E. (2d) 854 (1976). We assume the trial judge properly instructed the jury as to the law; the charge is not of record, as later noted herein.

Defendant Norman moved for a nonsuit, a directed verdict and judgment n.o.v. on the basis that the evidence failed to establish the applicability of the family purpose doctrine.

The record reveals that (1) intestate Norman was driving,

at the time of the accident, a 1979 Camaro automobile, which had been purchased by her father, defendant Norman, from Scott Motor Company in North Carolina, (2) the car had not been titled, (3) defendant Norman had traded in a Mustang of his own as the down payment for the Camaro, (4) defendant Norman admitted the Mustang which he traded in was a family purpose automobile, (5) defendant Norman financed the balance of the purchase price of the Camaro by signing a sales contract, purchasing life insurance on his own life and buying collision insurance in his own name, (6) the Mustang license plate in the name of defendant Norman was on the Camaro at the time of the wreck, (7) after the wreck defendant Norman attempted to have the Camaro added to his own automobile liability policy and requested as much of his liability insurance agent, (8) intestate Norman, although at the time was staying at the beach, listed her parent's home in Nichols, South Carolina, as her home address on her last income tax return and also on her drivers license, and (9) intestate Norman had worked for her father at his restaurant in Marion, South Carolina on the evening of the night of the wreck, which occurred at about 4:00 a.m.

The rule is that on motion for nonsuit, directed verdict, judgment n.o.v. and new trial, the evidence and all reasonable inferences which are to be drawn from it must be viewed in a light most favorable to the nonmoving party and if there is any testimony tending to prove the allegations of the complaint, the motions must be refused. This rule is especially strong in South Carolina where the "scintilla of evidence rule" is applicable. In view of this rule and the above-summarized testimony, this court finds that the learned trial judge properly overruled the motions relating to the inapplicability of the family purpose doctrine, and we so hold. *Melton v. Williams*, 281 S. C. 182, 314 S. E. (2d) 612 (S. C. App. 1984).

Defendant Norman next asserts that the trial judge should have directed a verdict because of plaintiff's contributory negligence. We find no merit in this argument. Intestate Norman was driving on the wrong side of a four-lane highway. Whether the plaintiff was contributorily negligent was a question for the jury. *Griffin v. Griffin*, 318 S. E. (2d) 24 (S. C. App. 1984).

Moving to the issue of excessiveness of the verdict, we first note that this court has limited jurisdiction to interfere with the amount of verdicts. Our Supreme Court has repeatedly stated: "The proper amounts to be rendered, as actual or punitive damages, are left, under our law, almost entirely to the trial jury and the trial judge." *Gasque v. Heublein, Inc.*, 315 S. E. (2d) 556 (S. C. App. 1984).

With the above in mind, we find the record discloses that plaintiff's injuries were severe, painful and permanent. Her right foot was nearly severed. She sustained a fracture to her right kneecap and right thighbone. A rod was placed through her buttocks and down through the marrow of her right thigh and remained there for about a year. Her orthopedic surgeon estimated that she has suffered a 50 percent residual loss of function of her right leg and that she now suffers from post-traumatic arthritis. She limps and has to wear a lift in her right shoe. She sustained multiple head and facial injuries, including numerous extensive lacerations, a comminuted nasal fracture, a cheekbone fracture and fractures of her lower jaw and mandible. According to her maxillofacial surgeons, she underwent extensive reconstructive surgery to her face. Unquestionably, the plaintiff suffered excruciating pain. She was hospitalized for six weeks, ten days of which was in intensive care. Her medical bills exceeded $40,000.

Combining all of plaintiff's above-noted injuries and in light of the value of the present dollar, the verdict of the jury is not indicative of excessiveness, bias or prejudice. We find no merit in this argument and so hold.

Next, addressing the evidence question, the trial judge permitted the plaintiff to introduce two pictures taken by her doctors before surgery. The trial judge refused to admit 12 other photographs offered by the plaintiff.

A trial judge is vested with broad discretion in the admission of evidence. *Gasque v. Heublein, Inc.*, 315 S. E. (2d) 556 (S. C. App. 1984). The two photographs, though graphic, depicted the injured plaintiff as she appeared after the accident, without the benefit of plastic surgery and the healing of time. The pictures were relative to the issue of conscious pain and suffering. We find no error in the trial judge's admission of the pictures in evidence.

Lastly, defendant Norman asserts error by the trial judge in charging Section 56-5-2930, which deals with the operation of automobiles while under the influence.

The trial judge's charge is not of record. Defendant ■ Norman, as the appealing party, has the burden of furnishing a sufficient record from which this court can make an intelligent review; otherwise, there is nothing from which this court can conclude that the lower court erred. *Hamilton v. Greyhound Lines East*, 316 S. E. (2d) 368 (S. C. App. 1984).

Moreover, we hold that even if this matter were prop- ■ erly before us, the trial judge did not err in charging Section 56-5-2930, because the investigating officer testified that there was a strong odor of alcohol about the Norman vehicle and the parties stipulated that some quantity of alcohol was present in the blood of intestate Norman. Under these circumstances, a charge of Section 56-5-2930 was appropriate.

Affirmed.

BELL and CURETON, JJ., concur.