0377

PORTER BROTHERS, INC., Respondent, v. Marion L. SMITH, individually and d/b/a Smith Lawn and Garden Equipment Company, Appellant.

(325 S. E. (2d) 588)

Court of Appeals

---

[2] Rule 7 was revised, effective October 1, 1982, to allow respondent thirty days to serve an answer or counterclaim.

*Jennings L. Grave, Jr.*, of *Love, Thornton, Arnold & Thomason*, Greenville, *for appellant.*

*Jay Bender* of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, *for respondent.*

Heard Dec. 17, 1984.

Decided Jan. 29, 1985.

NESS, Judge:

This is an action by respondent Porter Brothers, Inc. to recover for goods sold appellant Marion Smith d/b/a Smith Lawn and Garden. The trial judge directed a verdict for respondent holding Smith liable for the debt under the guaranty clause of their dealership agreement. We affirm.

The dealership agreement, entered and signed by Smith in 1978 states:

(1) We and each of us do hereby jointly and severally guarantee payment of any debt now due or that becomes due to Porter Brothers, Inc., which arose or may arise out of the operation of such dealership, and/or the purchase of merchandise from Porter Brothers, Inc.

(2) We and each of us shall jointly and severally remain liable for any debt which is due or becomes due to Porter Brothers, Inc. arising from the operation of such dealership, and/or the purchase of merchandise from Porter Brothers, Inc., and that Porter Brothers, Inc. may look to us for payment *regardless of any change in ownership of our business or whether we or any of us continue to take an active part in the business.*

(3) *This continuing liability shall remain in full force and effect until receipt by Porter Brothers, Inc. of written notice that we shall no longer be responsible for any debt to become*

*due to Porter Brothers, Inc;* and such notice shall only relieve the party giving notice and then only for liability for any such debts that have not been incurred to the date of receipt of such notice. (Emphasis added.)

In November of 1979 Smith Lawn and Garden placed a pre-season order with respondent. Smith sold the business to his son in January of 1980. The pre-season order arrived and was accepted by Smith's son in February of 1980. It is uncontradicted Smith did not give respondent written notification of the termination of his responsibility for the debts of the business until April, 1980.

Appellant contends the trial court erred in directing a verdict against him under the guaranty clause because a jury issue existed as to whether he authorized the shipment of the goods. We disagree.

Even if the shipment was not authorized by Smith, under the Uniform Commercial Code his son accepted the goods by not rejecting them in a reasonable time. S. C. Code Ann. § 36-2-602(1).

By the terms of the dealership agreement, Smith could only be released as guarantor by giving respondent written notice. He did not give the notice until the goods creating the debt had been ordered, shipped and accepted.

A directed verdict must be granted when the evidence and all reasonable inferences, viewed in the light most favorable to the non-moving party, creates no issue of fact. *Jones v. Broome,* 277 S. C. 295, 286 S. E. (2d) 664 (1982).

We hold appellant's liability under the guaranty clause presented no issue of fact for the jury's consideration.

Appellant's second exception was not an issue before the trial court and cannot be raised for the first time on appeal. *American Hardware Supply Company, Inc. v. Whitmire,* 278 S. C. 607, 300 S. E. (2d) 289 (1983).

Affirmed.

CURETON and GOOLSBY, JJ., concur.