0965

James N. PEAY, Respondent v. Roger L. ROSS and G & R Enterprises, Inc., of Elgin, South Carolina, Appellants.

(357 S. E. (2d) 482)

Court of Appeals

*John W. Wells,* Elgin, *for appellants.*

*Leon C. Banks* and *G. Thomas Cooper, Jr.,* of *Cooper, Beard & Dibble,* Camden, *for respondent.*

Heard April 22, 1987.

Decided May 26, 1987.

BELL, Judge:

James N. Peay commenced this action in trespass for damages against Roger L. Ross and G & R Enterprises, Inc. The jury returned a verdict for Peay in the sum of $10,000.00 actual damages. Ross and G & R Enterprises appeal from the judge's denial of their motion for a new trial nisi or, in the alternative, for a new trial on the ground that the verdict was excessive. We affirm.

■ The granting or refusing of a new trial absolute or a new trial nisi for excessiveness of verdict is a matter within the sound discretion of the trial judge. *Bowden v. Powell,* 194 S. C. 482, 10 S. E. (2d) 8 (1940); *Mylin v. Allen-White Pontiac, Inc.,* 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984). An appellate court has no power to review the ruling of a circuit judge refusing to grant a new trial for excessiveness of verdict unless his ruling rested on a basis of fact wholly without evidence to support it or was manifestly controlled by an error of law. *Mishoe v. Atlantic Coast Line Railroad,* 186 S. C. 402, 197 S. E. 97 (1938); *De Shields v. Insurance Co. of North America,* 125 S. C. 457, 118 S. E. 817 (1923); *Wilson v. Southern Railway, Carolina Division,* 123 S. C. 399, 115 S. E. 764 (1923).

On appeal, Ross and G & R Enterprises argue there was no evidence of general or special damages to support the verdict. However, they did not move at trial for a nonsuit or a directed verdict, but instead let the case go to the jury without objection to the sufficiency of the evidence. They made no motion for judgment notwithstanding the verdict. Their motion was for a new trial nisi or, in the alternative, a new trial.

■ A motion for a new trial nisi is directed to the excessiveness of the verdict. It contemplates not the striking of the verdict in toto, as Ross and G & R Enterprises urge, but remission of part of it and the granting of a new trial in default thereof. The motion is founded on the contention that the verdict was not inherently unlawful, but rather, under the facts presented, was unduly liberal. *Elliott v. Black River Electric Cooperative,* 233 S. C.

233, 104 S. E. (2d) 357 (1958). More fundamentally, an objection to the sufficiency of the evidence cannot be raised for the first time in a motion for a new trial; a motion for a directed verdict is a prerequisite to a motion for a new trial on the ground that the evidence does not support the verdict. Rules 50(b), 59(a), S.C.R. Civ. P.; *E.F.A. Wieters & Sons v. Davis*, 181 S. C. 522, 188 S. E. 241 (1936); *Wilson v. Southern Railway, Carolina Division, supra.* Since the insufficiency of the evidence was not properly raised at trial, we cannot review the judgment on that ground. *Evans v. Wabash Life Insurance Co.*, 247 S. C. 464, 148 S. E. (2d) 153 (1966); *Lites v. Taylor*, 284 S. C. 316, 326 S. E. (2d) 173 (Ct. App. 1985) (failure of defendant to move for nonsuit or directed verdict precludes challenge on appeal to sufficiency of the evidence).

Assuming, however, that the issue were properly before us, the exception could not be sustained. We have reviewed the record and find some evidence of damage to Peay's real property. Since the judge's denial of the motion for a new trial has some evidentiary support, we cannot, under the authorities above cited, reverse his ruling.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.