1507

WAYNE DALTON CORPORATION, Respondent v. ACME DOORS, INC., Richter P. Morsch, Carolyn M. Morsch, William C. Harrelson and Georgia Mae B. Harrelson, Defendants, of whom William C. Harrelson and Georgia Mae B. Harrelson are Appellants, and Acme Doors, Inc., Richter P. Morsch, Carolyn M. Morsch are Respondents. Appeal of William C. HARRLESON and Georgia Mae B. Harrelson.

(394 S.E. (2d) 5)

Court of Appeals

*Grover C. Seaton, III*, Moncks Corner, *for appellants.*

*Jack Landis*, Moncks Corner, and *G. Daniel Bowling*, Charleston, *for respondents.*

Heard April 18, 1990.

Decided May 29, 1990.

CURETON, Judge:

William and Georgia Harrelson appeal the order of the circuit court finding them liable on their personal guaranties for a debt of a corporation. The Harrelsons assert the circuit court erred in reversing the decision of the master. We reverse the circuit court.

Wayne Dalton is a manufacturer of overhead garage doors. Acme Doors, Inc., is one of its South Carolina customers. Wayne Dalton Corporation instituted this suit to recover on a promissory note executed on behalf of Acme Doors, Inc., by its president, Richter Morsch. The note was personally guaranteed by Morsch. His wife, Carolyn Morsch, had also executed a guaranty for the debts of the company.

The dispute on appeal concerns guaranties executed by William and Georgia Harrelson in 1978. At that time they were the owners and corporate officers of Acme Doors. Their guaranties covered debts owed by the company to Wayne Dalton. Acme was sold by the Harrelsons to the Morsches in 1983.[1] Richter Morsch operated the company after the sale and by October of 1984 the company owed Wayne Dalton over two hundred thousand dollars on an open account. Wayne Dalton notified Morsch that a resolution of the debt was neces-

---

[1] The evidence shows the Harrelsons owed Wayne Dalton no monies at this time.

sary and also notified the Harrelsons that it considered them responsible for the debt based upon their guaranties. Ultimately, Acme Doors, Inc. executed a note in July 1985 which consolidated the amount due on the open account. The note called for installment payments with interest. Acme Doors failed to pay the note and this suit ensued. The Morsches and Harrelsons were named as defendants based upon their respective guaranties.

The case was referred to the master for entry of final judgment. The master issued an order finding Acme Doors, Inc., indebted to Wayne Dalton in the sum of $142,092.12. He held the Morsches liable for the debt based upon their guaranties. However, the master found the Harrelsons were not liable to Wayne Dalton because (1) the sale of the company voided the guaranty and (2) novation extinguished their guaranties. The case was appealed to the circuit court. The judge reversed the master. He held the sale of the company did not automatically void the guaranty and there was no evidence of novation.

This is an action at law. On appeal we are required to look at the master's findings of fact to determine if there is any evidence which reasonably supports them. *May v. Hopkinson*, 289 S.C. 549, 347 S.E. (2d) 508 (Ct. App. 1986) (appeal from entry of final judgment by master).

A guaranty is a promise to pay a debt if the person liable in the first instance fails to make payment. *McGee v. F.W. Poe Mfg. Co.*, 176 S.C. 288, 180 S.E. 48 (1935). In determining the nature of a guaranty the first consideration is the written language. *Pee Dee State Bank v. National Fiber Corp.*, 287 S.C. 640, 340 S.E. (2d) 569 (Ct. App. 1986). The guaranties executed by the Harrelsons state they are continuing guaranties securing present and future debts of Acme Doors, Inc. This court has implicitly recognized that a continuing guaranty may survive the sale of a business where the guarantor fails to give notice of the termination of the guaranty. *Porter Bros. Inc. v. Smith*, 284 S.C. 292, 325 S.E. (2d) 588 (Ct. App. 1985). We agree with the circuit court's conclusion the guaranties were not automatically revoked when the company was sold by the Harrelsons to the Morsches in 1983.

The Harrelsons argue their guaranties were terminated due to novation. They contend execution of the promissory note by Acme Doors, Inc. constituted a novation extinguishing the open account and terminating their obligation under their guaranties. The promissory note was executed in July 1985. It was designed to convert the pre-existing consignment account indebtedness between Acme Doors and Wayne Dalton into a note. The note contains language indicating it is to be secured by UCC financing statements, a security agreement, and "the personal guarantees of Richter P. and Carolyn M. Morsch." The note does not refer to the guaranties of the Harrelsons.

A novation is an agreement between all parties concerned for the substitution of a new obligation between the parties with the intent to extinguish the old obligation. *Ophuls & Hill Inc. v. Carolina Ice & Fuel Co.*, 160 S.C. 441, 158 S.E. 824 (1931). The burden of proving novation is on the party asserting it. *Superior Automobile Inc. Co. v. Maners*, 261 S.C. 257, 199 S.E. (2d) 719 (1973); *Pee Dee State Bank v. Prosser*, 295 S.C. 229, 367 S.E. (2d) 708 (Ct. App. 1988). A change in the form of a debt, such as from an open account to a promissory note, should not be construed to be a novation absent the requisite intent by the parties. *Publicker Distillers Products Inc. v. Pelican State Distributors, Inc.*, 501 F. Supp. 304 (D.C. La. 1980) (novation demonstrated in conversion of open account to promissory note).

The record supports the conclusion Wayne Dalton and Acme Doors intended a novation by the execution of the note. In October, 1984, Harrelson accompanied Richter Morsch to Wayne Dalton's corporate office. Harrelson offered to give up certain commissions Wayne Dalton owed him if Wayne Dalton would keep him out of the situation. Thereafter, Wayne Dalton sent a letter to Richter Morsch in October outlining a new account with new terms which were to "supercede and replace any and all prior written or oral arrangements with Acme Doors, Inc., William Harrelson, Jr., and Rich Morsch." The old consignment account was closed and a new obligation was created which called for installment payments and interest. In fact, counsel for Wayne Dalton indicated in the record that the note acts as a novation for the old account. However, Wayne Dalton argues that even if there was a novation it did

not revoke the guaranties of the Harrelsons. We do not agree under the facts of this case. The evidence indicates the Harrelsons tried to resolve the matter of their guaranties by agreeing to give up commissions earned but unpaid by Wayne Dalton. The note executed by Acme Doors reflects a credit for these commissions. The note also specifies its security and the guaranties of the Harrelsons are absent. William Harrelson also testified he was not aware of the execution of the note. We conclude the evidence supports the master's finding of novation.

The decision of the circuit court is reversed. We accordingly affirm the master's finding of novation.[2]

Reversed.

SANDERS, C.J., and GARDNER, J., concur.

---

[2] We deny the motion of Acme Doors, Inc., to amend the Statement of the Case. A stipulation of fact made in a transcript of record not sustained by the record is not conclusive. *Forbes v. Kingan & Co.*, 174 S.C. 24, 176 S.E. 880 (1934). In reviewing the record, we find the statement of fact regarding verbal notice of revocation of the guaranty is not sustained by the record. Further, we have determined the merits of this case on another issue.