1746

Whit SOAPER, Respondent v. HOPE INDUSTRIES, INC., Appellant.

(413 S.E. (2d) 38)

Court of Appeals

*Craig S. Kelly*, Columbia, *for appellant.*

*James B. Richardson, Jr.*, and *Gerald F. Smith, Svalina, Richardson & Smith*, Columbia, *Melody L. James*, of *Setzler, Chewning & Scott*, West Columbia, *for respondent.*

Heard Sept. 18, 1991; Decided Jan. 6, 1992.

Reh. Den. Feb. 3, 1992.

BELL, Judge:

This is an action in contract for damages. In June, 1985, Whit Soaper purchased a color film processor and printer from Hope Industries, Inc., for $84,783.40. Soaper intended to use the machine in his film processing business. When the machine failed to function properly despite numerous repairs and parts replacements, Soaper sued Hope for breach of contract. A jury found Hope had breached an implied warranty of fitness for a particular purpose and returned a verdict in Soaper's favor for $84,783.40. Hope appeals. We affirm.

At the time Soaper purchased the machine, Hope knew of the purpose for which he intended to use it. The machine came with an eighteen month parts warranty and a ninety day labor warranty.

Within two weeks after the purchase, the computer board on the machine burned out. After the computer board was repaired, the film elevator motor overheated. Hope's technician found that the motor did not have a fan it was supposed to have and replaced it with a motor that had a fan. The print conveyor belt that fed the elevator also repeatedly malfunctioned. The motor for the conveyor belt burned out several times and the belt kept falling off the machine. Additionally, the solenoids in the panel filter underneath the printer cap did not work. The machine also began to scratch the photosensitive paper as it fed out of the magazine into the printing cabinet. To remedy this problem, Hope advised Soaper to place a Dr. Scholl's footpad on the rollers. This procedure solved the scratching problem until the footpad wore out. Thereafter, Soaper had to replace the footpad continuously to prevent the scratching. Soaper also experienced problems with various motors, filters, lamp controllers, and other parts on the machine.

After the eighteen month parts warranty expired, Soaper had to replace the paper advance motor, the interconnect board twice, the unwind motor board twice, and the lamp cooler three times. He also had to replace the control boards and resistors for the chemical management system. The kick out motor, the K-2 relay, and the clutches also failed. Between July, 1986, and March, 1988, Hope furnished over forty-two replacement parts on twenty-four separate occasions.

Because his business involved fast photo processing, Soaper needed the machine to be in continuous operation. In fact, due to the constant breakdowns and repairs, the machine was out of service between ten and fifteen percent of the time. There was also evidence Soaper spent up to $14,000 on repairs and the machine had a salvage value of about $2,000 to $3,000 when Soaper finally gave up on it.

## I.

At trial Hope moved for a directed verdict and judgment notwithstanding the verdict on the ground that there was no evidence the goods were not fit for the particular purpose for which they were purchased. The judge denied both motions. On appeal, Hope excepts to this ruling on the ground that the evidence does not support a finding the machine was unfit for the particular purpose, because it operated between eighty-five and ninety percent of the time and Soaper did not contact Hope about replacement parts for the machine during the last six months of the eighteen month warranty period.

The fitness of goods for a particular purpose is a question of fact for the jury. *See Spartanburg Hotel Corp. v. Alexander Smith, Inc.*, 231 S.C. 1, 97 S.E. (2d) 199 (1957); *Jones v. Siler City Mills, Inc.*, 250 N.C. 527, 108 S.E. (2d) 917 (1950); *Medcom, Inc. v. C. Arthur Weaver Company, Inc.*, 232 Va. 80, 348 S.E. (2d) 243 (1986). On a motion for a directed verdict or for judgment notwithstanding the verdict, the trial judge must deny the motion if there is any evidence to support a finding in favor of the nonmoving party. *See Sweatt v. Norman*, 283 S.C. 443, 322 S.E. (2d) 478 (Ct. App. 1984). Where an appeal is taken from a jury verdict on the ground of insufficiency of the evidence, the reviewing court must sustain the verdict if there is any evidence to support the verdict. *See Madden v. Cox*, 284 S.C. 574, 328 S.E.

(2d) 108 (Ct. App. 1985), *cert. dismissed*, 286 S.C. 127, 332 S.E. (2d) 102 (1985).

In this case, the evidence amply supported the jury's finding that the goods were defective so as to be unfit for their intended use in Soaper's fast photo business. Hope's exception is without merit.

## II.

After the jury returned its verdict, Hope also moved for a new trial and a new trial nisi on the ground that the damages were grossly excessive, flagrantly outrageous, and extravagant. *See Beasley v. Ford Motor Co.*, 237 S.C. 506, 117 S.E. (2d) 863 (1961). The judge denied the motions.

The denial of a motion for a new trial absolute or a new trial nisi for excessiveness of the verdict is a matter within the sound discretion of the trial judge. *Peay v. Ross*, 292 S.C. 535, 357 S.E. (2d) 482 (Ct. App. 1987). The appellate court has no power to review his ruling unless it is wholly unsupported by the evidence or is controlled by an error of law. *Id.* Moreover, when the verdict falls within the range of the evidence, the court will not disturb it on the ground of excessiveness. *Satcher v. Berry*, 299 S.C. 381, 385 S.E. (2d) 41 (Ct. App. 1989).

At trial, Hope's counsel himself suggested that the provable damages could be as high as $96,000.

Moreover, a review of the record shows that the damages awarded were within the range of the evidence. We hold the judge did not abuse his discretion in refusing a new trial for excessiveness of the verdict. Hope's exceptions on this point are without merit.

## III.

Hope's remaining exceptions and arguments raise issues not presented to the circuit court. It is elementary that an issue not presented at trial cannot be raised for the first time on appeal. *Porter Brothers, Inc. v. Smith*, 284 S.C. 292, 325 S.E. (2d) 588 (Ct. App. 1985). Accordingly, we do not address the remaining exceptions.

Affirmed.

CURETON, J., and LITTLEJOHN, Acting Judge, concur.