23747

Whit SOAPER, Respondent v. HOPE INDUSTRIES, INC., Petitioner.

(424 S.E. (2d) 493)

Supreme Court

*Craig S. Kelly,* Columbia, *for petitioner.*

*James B. Richardson* and *Gerald F. Smith,* both of *Svalina, Richardson & Smith,* Columbia and *Melody L. James* of *Setzler, Chewning and Scott,* West Columbia, *for respondent.*

Heard Oct. 26, 1992.

Decided Nov. 30, 1992.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals' opinion reported at — S.C. —, 413 S.E. (2d) 38 (Ct. App. 1992). We affirm as modified.

## FACTS

Respondent, Whit Soaper (Soaper), purchased a color film processing machine from Petitioner Hope Industries, Inc. (Hope), for use in his fast photo business. The machine repeatedly malfunctioned over a three-year period, as a result of which Soaper closed his business.[1] Thereafter, Soaper sued Hope, alleging (1) breach of express warrant,[2] (2) breach of the implied warranty of merchantability,[3] and (3) breach of the implied warranty of fitness for a particular purpose.[4]

Although evidence was presented at trial, and Hope's counsel conceded at oral argument, that the machine was unfit for ordinary use, plaintiff proceeded solely on the cause of action for breach of implied warranty of fitness for a particular purpose. The jury returned a verdict for Soaper in the amount of $84,783.40, the full value of the machine and its component parts.

Court of Appeals affirmed, finding ample evidence that "the goods were defective so as to be unfit for their *intended* use in Soaper's fast photo business." — S.C. at —, 413 S.E. (2d) at 40 (emphasis supplied). Hope sought rehearing, alleging Court of Appeals erroneously equated Soaper's *intended* purpose with a *particular* purpose, whereas the only evidence was that Soaper had purchased the machine for its ordinary use. Court of Appeals denied rehearing, declining to address the issue; we do so today.

## ISSUE ON CERTIORARI

Does a purchaser establish a warranty of fitness for a particular purpose when goods, purchased solely for their ordinary purpose, are found to be unfit for any and all purposes?

## DISCUSSION

The implied warranty of fitness for a particular purpose arises under the Uniform Commercial Code, S.C. Code Ann. § 36-2-315 (1976):

---

[1] A more detailed account of the facts is set forth in the Court of Appeals' opinion.

[2] S.C. Code Ann. § 36-2-313 (1976).

[3] S.C. Code Ann. § 36-2-314 (1976).

[4] S.C. Code Ann. § 36-2-315 (1976).

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose.

Hope contends that this warranty applies only when the buyer has some particular use for a product other than the product's ordinary/contemplated use. Although there is authority supporting this view,[5] we decline to follow it.

Comment 2 to § 2-315 specifically states that "a contract may of course include both a warranty of merchantability[6] and one of fitness for a particular purpose." Moreover, § 2-317 requires that warranties arising under the UCC "be construed as consistent with each other and as cumulative."

We hold that, where the particular purpose for which a product is purchased is also the ordinary or intended purpose of the product, the warranties of merchantability and of fitness for a particular purpose, merge and are cumulative, such that a plaintiff may proceed upon either theory.

As Dean William Hawkland noted in his guide to the Uniform Commercial Code:

Subsection (c) [of UCC § 2-314(2)] tends to overlap the warranty of merchantability with that of fitness for the purpose . . . [A] seller is obligated to provide goods which meet the buyer's particular purpose as made known to the seller. Under this warranty, the buyer need not communicate to the seller the particular purpose for which the goods are intended, if the circumstances are such that the latter has reason to know that purpose. *For example, one buying an automobile impliedly makes known the particular purpose for which the goods are in-*

---

[5] *See Crysco Oilfield Serv., Inc. v. Hutchison-Hayes International, Inc.*, 913 F. (2d) 850 (10th Cir. 1990); *Balog v. Center Art Gallery-Hawaii, Inc.* 745 F. Supp. 1556 (D. Hawaii 1990); *Fiat Auto U.S.A., Inc. v. Hollums*, 185 Ga. App. 113, 363 S.E. (2d) 312 (1987); *Smith v. Stewart*, 233 Kan. 904, 667 P. (2d) 358 (1983); *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. (2d) 1024, (Miss. 1982); *Schenck v. Pelkey*, 176 Conn. 245, 405 A. (2d) 665 (1978).

[6] Under § 2-314(2)(c), to be merchantable, goods must be at least such as "are fit for the ordinary purposes for which such goods are used."

*tended—transportation. If the automobile will not run, both the warranties of fitness for the purpose and merchantability are breached, for such a defective car is not of fair average quality, nor is it fit for the purpose as impliedly made known to the seller.* If, however, a special or unusual purpose is intended, the buyer must bring this knowledge to the attention of the seller to obligate him to provide goods meeting this requirement. Thus, if the buyer wants an automobile for speedracing purposes, he must convey this information to the seller in order to obligate the latter with respect to the warranty of fitness for the purpose.

Hawkland, *A Transactional Guide to the Uniform Commercial Code*, § 1.19020702 at p. 68 (1964) (Emphasis supplied).

Under the facts here, Soaper, upon purchasing the film processor, impliedly made known to Hope that his particular purpose for the machine was fast film developing. When the machine failed in that purpose, it was both unmerchantable and unfit for its particular purpose.

Our holding today accords with other jurisdictions. *See, e.g., County of Westchester v. General Motors Corp.*, 555 F. Supp. 290 (S.D. N.Y. 1983); *Colorado-Ute Electric Ass'n, Inc. v. Envirotech Corp.*, 524 F. Supp. 1152 (D. Colo. 1981); *Anderson v. Chrysler Corp.*, 184 W.Va. 641, 403 S.E. (2d) 189 (1991); *Mennonite Deaconess Home v. Gates Engineering Co., Inc.*, 219 Neb. 303, 363 N.W. (2d) 155 (1985); *Van Wyk v. Norden Laboratories, Inc.*, 345 N.W. (2d) 81 (Iowa 1984); *Perfetti v. McGhan Medical*, 99 N.M. 645, 662 P. (2d) 646, *cert. denied* 99 N.M. 644, 662 P. (2d) 645 (1983); *Ontai v. Straub Clinic and Hospital*, 66 Haw. 237, 659 P. (2d) 734 (1983); *Thomas v. Ford Motor Credit Co.*, 48 Md. App. 617, 429 A. (2d) 277 (1981); *Tennessee Carolina Transportation, Inc. v. Strick Corp.*, 283 N.C. 423, 196 S.E. (2d) 711 (1973); and cases collected at *Annot.* 83 A.L.R. (3d) 656 (1978).

We hold that where a product is not fit for any purpose, it is not fit for its particular purpose. Accordingly, the Court of Appeals opinion is affirmed as modified.

Affirmed as modified.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.