**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richie D. Barnes, Respondent,

v.

James Reese, Appellant.

Appellate Case No. 2018-002157

Appeal From Lexington County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2022-UP-233
Submitted May 1, 2022 – Filed June 1, 2022

**AFFIRMED**

James Reese, of Columbia, pro se.

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia,
for Respondent.

**PER CURIAM:** James Reese appeals the jury's verdict in favor of Richie D.
Barnes and award of actual and punitive damages. On appeal, Reese argues (1) the
magistrate court had jurisdiction over matters regarding the sale of property, (2)
Barnes's evidence of a "blank lease" could not be considered substantial evidence
in proving the facts of his claim, (3) the lease was improperly notarized, (4) an

expert witness testified his signature did not match the signature on the lease, (5) the evidence showed he and Barnes entered into an agreement to sell the property, (6) Barnes testified inconsistently about a mortgage on the property and intended to defraud him, (7) the testimony regarding the damage to the property was inconsistent and showed the witnesses were trying to perjure themselves, and (8) the jury returned a verdict while "under the conditions of confusion and incompetent evidence." We affirm.

1. As to issue one, we hold Reese's argument regarding the magistrate court's jurisdiction is not properly before this court; rather, he should have appealed the magistrate's dismissal of the previous action. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

2. As to issues two, three, four, five, six, and seven, we hold Reese's arguments are not preserved for review because he did not properly raise them to the trial court. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *see also Peay v. Ross*, 292 S.C. 535, 537, 357 S.E.2d 482, 483 (Ct. App. 1987) ("[A]n objection to the sufficiency of the evidence cannot be raised for the first time in a motion for a new trial; a motion for a directed verdict is a prerequisite to a motion for a new trial on the ground that the evidence does not support the verdict."). To the extent Reese asserts his arguments are properly before the court, we hold he failed to provide a sufficient record for review because he only provided a partial trial transcript. *See Schultze v. Schultze*, 403 S.C. 1, 8, 741 S.E.2d 593, 597 (Ct. App. 2013) ("For [an appellate] court to evaluate the merits of a disputed issue, the appellant must provide the court with a sufficient record pertaining to that issue; otherwise, there is nothing for [an appellate] court to review.").

3. As to issue eight, we hold Reese's argument regarding the jury's purported confusion is not preserved for review because he did not object to the sufficiency of the trial court's purported solution or after the trial court's answer to the jury's question.[1] *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for

_____

[1] To the extent Reese argues Barnes's closing argument did not align with the evidence and the South Carolina Landlord Tenant Act did not apply, we hold these arguments are not preserved for review because the record does not show they were timely raised to and ruled upon by the trial court. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be

appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.