## 9889

## STATE v. ABNEY.

(95 S. E. 179.)

1. CRIMINAL LAW — APPEAL — HARMLESS ERROR — INCONSISTENCY IN
VERDICT.—In prosecution on an indictment containing two counts,.
for assault and for malicious mischief or injury, where the evi-
dence might well have supported verdict of guilty on both counts,.
though verdict of guilty only on the count as to malicious mischief
or injury is illogical, its want of consistency is favorable to defend-
ant, and he cannot complain.

2. MALICIOUS MISCHIEF—CRIMINAL RESPONSIBILITY FOR RENDERING IT
NECESSARY TO DRIVE AUTOMOBILES INTO DANGEROUS PLACE.—If a rea-
sonably prudent man would have deemed it necessary to drive his
automobile into a dangerous place to escape a still more dangerous
collision with the driver of another car, then the driver of such other
car is criminally responsible for the act which he rendered necessary.

3. MALICIOUS MISCHIEF—FORCING DRIVER OF AUTOMOBILE INTO DANGER
—QUESTION FOR JURY.—In prosecution of an automobile driver for
malicious mischief or injury, whether it was the natural consequence
of defendant's conduct in driving his car that the driver of another
car was forced, as a reasonably prudent man, to drive his own into.
a dangerous place, was a question for the jury.

Before WILSON, J., Edgefield, Spring term, 1917.
Affirmed.

John Ernest Abney was convicted of malicious mischief,.
and he appeals.

*Mr. S. M. Smith,* for appellant, cites: *As to wilfulness*
*and malice:* Crim. Code, sec. 222; 88 S. C. 238.

*Solicitor Geo. Bell Timmerman* and *Mr. B. E. Nicholson,.*
for State, respondent.

January 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The defendant was tried at the March, 1917, term of
Court of General Sessions for said county and State, upon
an indictment containing two counts, one for an assault, the

other for malicious mischief or injury. He was acquitted on the first and convicted on the second count. Before being sentenced defendant's attorney made a motion in arrest of judgment on the second count, which motion was refused, and sentence was imposed. Upon notice and exceptions duly given and made the cause is before this Court on appeal.

Argument: While there are three exceptions, we think they can, with propriety, be discussed under one general head. It will be noticed by the first count of the indictment the defendant is charged with a certain automobile in making an assault on one Mr. Mims, by attempting and offering to strike another automobile in which the said Mims was riding, intending thereby to injure, wound and illtreat him, the said Mr. Mims. The jury's verdict vindicated him of such charge, and it is submitted that, such being the case, the props and foundation of the second charge, the malicious injury or mischief, must fall to the ground, because if, as found by the jury, there was no assault, to say nothing of a battery, or an attempt to wound or to injure or do injury to Mr. Mims, how could there be any ground in law or fact or justification for finding or saying that the defendant wilfully, unlawfully and maliciously did injury to the automobile in which Mr. Mims was riding, by causing the latter to turn his automobile in a ditch?

The evidence in the case might well have supported a verdict of guilty on both counts in the indictment. While the verdict is illogical, its want of consistency is favorable to the appellant, and not prejudicial, and the appellant cannot complain.

If a reasonably prudent man would have deemed it necessary to drive his car into a dangerous place to escape a still more dangerous collision with the appellant, then the appellant is responsible for the act of Mr. Mims, which he has rendered necessary.

It was the natural consequence of appellant's conduct. Now, whether the necessity existed or not was a question for the jury.

The judgment is affirmed.