592 S.E.2d 637

**Wade M. JENKINS, Respondent,**

v.

**Janna Grooms Watkins JENKINS, Appellant.**

No. 3727.

Court of Appeals of South Carolina.

Submitted Dec. 8, 2003.

Decided Jan. 27, 2004.

Cynthia Barrier Castengera, of Newland, N.C. and David Dusty Rhoades, of Charleston, for appellant.

Joseph P. Cerato, of Charleston, for respondent.

CURETON, A.J.:

In this domestic action, Janna Grooms Watkins Jenkins ("Wife") appeals the family court's award of attorney fees and alimony, arguing the amounts are insufficient and should have included postjudgment interest. Wife also appeals the family court's decision awarding Wade M. Jenkins ("Husband") a portion of Wife's IRA, as well as reimbursement for sums expended on the marital home. We affirm in part, reverse in part, and remand.

FACTS

Husband and Wife were married in March 1987 and separated in October 1997. They have no children. Husband instituted an action for separate maintenance and support against Wife in January 1998. The family court granted the parties a divorce based on one year's continuous separation, ordered Husband to pay Wife $2,700 per month in rehabilitative alimony for one year, equitably apportioned marital property, and awarded Wife $9,301.61 in attorney fees. After an appeal by Husband and cross-appeal by Wife, this court affirmed in part, reversed in part, and remanded. This court ordered the family court to award permanent periodic alimony instead of rehabilitative alimony; to determine Husband's entitlement to part of Wife's IRA; to consider Husband's entitlement to reimbursement for certain sums paid; and to reconsider attorney fees awarded to Wife.[1] We denied Hus-

---

1. *Jenkins v. Jenkins,* 345 S.C. 88, 545 S.E.2d 531 (Ct.App. 2001).

band's petition for rehearing and the supreme court denied Husband's petition for writ of certiorari.

On remand, the family court awarded Wife $1,800 permanent periodic alimony per month and ordered Husband to pay $200 per month toward his $23,400 alimony arrearage; ordered Wife to pay Husband $2,250 for his share of Wife's IRA; ordered Wife to reimburse Husband $4,222.61; and ordered Husband to pay 75% of Wife's attorney fees. The court did not award interest on the alimony arrearage or Wife's attorney fee award. After Wife's request for reconsideration, the court ruled interest should run on the alimony arrearage from the date of the order regarding remand. The court again denied the award of interest on the attorney fees. Wife appeals.

STANDARD OF REVIEW

In appeals from the family court, this Court has the authority to find facts in accordance with our view of the preponderance of the evidence. *Greene v. Greene*, 351 S.C. 329, 335, 569 S.E.2d 393, 397 (Ct.App.2002). This broad scope of review does not require us to disregard the findings of the family court. *Id.* Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Id.* The award of alimony rests within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of that discretion. *Dearybury v. Dearybury*, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002). "Alimony is a substitute for the support which is normally incident to the marital relationship." *Johnson v. Johnson*, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct.App.1988).

LAW/ANALYSIS

I. Attorney Fees

Wife argues the family court erred by not awarding her full attorney fees and costs. We disagree.

The award of attorney fees is left to the discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *Smith v. Smith*, 308 S.C. 492, 496, 419 S.E.2d 232, 234–35 (Ct.App.1992). We find the trial judge

acted within her discretion in awarding Wife 75% of her attorney fees and costs. On remand from this court, the trial judge correctly considered the factors for awarding attorney fees set out in *Glasscock v. Glasscock,* 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991), particularly the beneficial results obtained by Wife's attorney. Because the family court properly exercised its discretion in awarding attorney fees, we affirm the award.

## II. Post–Judgment Interest on the Attorney Fee Award

■ Wife contends the family court erred by not awarding post-judgment interest on her award of attorney fees. We agree.

In *Casey v. Casey,* 311 S.C. 243, 428 S.E.2d 714 (1993), the supreme court held post-judgment interest should apply to equitable distribution awards. Later, in *Christy v. Christy,* 317 S.C. 145, 452 S.E.2d 1 (Ct.App.1994), this court stated, "[t]he cash award of attorney's fees in this case is similar to the fixed award of money in Casey and we see no reason to distinguish the attorney's fee award from the fixed equitable distribution money award." *Id.* at 153, 452 S.E.2d at 5. In *Calhoun v. Calhoun,* 339 S.C. 96, 529 S.E.2d 14 (2000), the supreme court established the rule for post-judgment interest in a case involving equitable distribution. The court held, "when a money judgment is finalized, whether in a lower court or in an appellate court, the interest on that amount, whether it has been modified upward or downward or remains the same, runs from the date of the original judgment." *Id.* at 104, 529 S.E.2d at 19. Based on the rule set out in Calhoun, and the correlation made in Casey between attorney fees and equitable distribution awards, we find Wife is entitled to post-judgment interest on her award of attorney fees.

South Carolina Code Ann. § 34–31–20(B) (Supp.2002) provides all money decrees shall draw interest at the rate of 12% per year. However, this statute was amended, effective January 1, 2001; therefore, the 12% interest rate only applies to causes of action arising or accruing on or after January 1, 2001. 2000 S.C. Act No. 344, § 4. Because this action arose prior to January 1, 2001, the applicable interest rate is 14% per annum. See S.C.Code Ann. § 34–31–20(B) (Supp.2000).

Therefore, Wife is entitled to post-judgment interest on her attorney's fee award at the rate of 14% per annum from date of entry. We remand this issue to the family court for a calculation of the amount of post-judgment interest Husband owes on the attorney fees award.

### III. Alimony

▮ Wife claims the family court erred in awarding her only $1,800 per month in permanent periodic alimony. We disagree.

▮ "An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion." *Allen v. Allen,* 347 S.C. 177, 183–84, 554 S.E.2d 421, 424 (Ct.App.2001). "Alimony is a substitute for the support which is normally incident to the marital relationship." *Johnson v. Johnson,* 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct.App.1988). "Generally, alimony should place the supported spouse, as nearly as practical, in the same position he or she enjoyed during the marriage." Allen, 347 S.C. at 184, 554 S.E.2d at 424. "It is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded." *Id.* (citing *Woodward v. Woodward,* 294 S.C. 210, 217, 363 S.E.2d 413, 417 (Ct.App.1987)). The trial court on remand states it reviewed all factors (as required by case and statutory law). We find the family court acted within its discretion in awarding Wife $1,800 per month permanent periodic alimony. Considering the factors for making an alimony award set out in S.C.Code Ann. § 20–3–130(C) (Supp. 2002), especially Wife's bleak earning potential due to her outdated bookkeeping skills, compared to Husband's stable employment, we find the alimony award was proper.

Husband argues in his brief this court should impute income to Wife. Although Husband disagrees with the finding that Wife is unemployable, he did not appeal the award of alimony. Therefore, we may not address Husband's argument.

### IV. Post–Judgment Interest on the Alimony Award

▮ Wife argues the family court erred by failing to award post-judgment interest on the alimony arrearage from the date of the original order. We agree.

We find Wife is entitled to post-judgment interest on the alimony award. Husband made seven payments totaling $32,400, which constitutes only eighteen alimony payments, although thirty-two months had elapsed. Therefore, Husband owes interest on thirteen past-due alimony payments. Interest is due on alimony at the time each support payment becomes due. See *Thornton v. Thornton*, 328 S.C. 96, 114, 492 S.E.2d 86, 96 (1997). Accordingly, Wife's post-judgment interest on the alimony arrearage should be calculated from the date each payment was due. As stated above, according to 2000 S.C. Act No. 344, § 4, the interest rate on all money decrees regarding causes of action arising before January 1, 2001 is 14% per annum. We remand this issue to the family court for a determination of the amount of post-judgment interest Husband owes on the alimony arrearage.

V. Husband's Entitlement to a Portion of Wife's IRA

 Wife contends the family court erred in not taking additional testimony regarding whether contributions to Wife's IRA were marital and in finding Husband is entitled to a portion of the IRA. We find additional testimony was not needed on this issue and it was not error to award Husband 50% of the marital funds in the IRA. Wife testified at the final hearing in 1999 that she contributed to her IRA during the marriage in the amount of $1,500 per year for three years. This court specifically referred to this testimony in its 2001 opinion. Clearly, because these funds were contributed during the marriage, they are marital property to which Husband is partially entitled. S.C.Code Ann. §§ 20-7-472 to 473 (Supp. 2002); *Calhoun v. Calhoun*, 331 S.C. 157, 175, 501 S.E.2d 735, 744-45 (Ct.App.1998) (stating annuity in which wife invested during marriage was part of marital estate and was subject to equitable distribution in divorce action), aff'd in part, rev'd in part on other grounds, 339 S.C. 96, 529 S.E.2d 14 (2000). Based on the above, we agree with the family court judge's finding that Husband is entitled to $2,250, or half of the marital property in the IRA.

 Wife argues that if Husband is entitled to any portion of Wife's IRA, he is entitled to only the value of the marital funds deposited, not the amount of funds deposited during the course of the marriage. On remand, the family court deter-

mined it had correctly calculated the amount of marital contributions made to the Wife's IRA. Husband refers us to exhibits in the record showing that the value of the marital contributions made to the IRA during the marriage was $9,308.89. That being the case, we fail to see how Wife is prejudiced by the court's finding that Husband is entitled to only one-half of the amount of the contributions of $4,500.00. Wife may not complain of a ruling that does not prejudice her. *State v. Abney*, 109 S.C. 102, 103, 95 S.E. 179, 180 (1918).

Husband argues he should receive more from the IRA due to an additional $875 he claims was marital property. Because Husband did not appeal, we do not address this argument.

VI. Reimbursement to Husband

■ Wife claims Husband is not entitled to the $4,222 reimbursement ordered by the family court. We find, while Husband is entitled to some reimbursement, he is only entitled to one-half of the amount ordered by the family court.

Husband paid $4,222.61 to redeem the marital home out of foreclosure and pay the mortgage payments through December 2001. Because the marital home is considered marital property, both Husband and Wife were jointly responsible for making the mortgage payments on the home. Therefore, we find Husband is entitled to $2,111 reimbursement from Wife. We find this amount, which represents half of the amount spent by Husband on the mortgage payments, is a fair reimbursement to Husband because the expenses of the marital home, as marital property, should be equally shared by Husband and Wife.

CONCLUSION

For the foregoing reasons, the decision of the family court is

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

CONNOR and ANDERSON, JJ., concur.