Proposed Opinion

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Denise Craddock,       
Respondent,
 
 
 

v.

 
 
 
Michael Glenn Craddock,       
Appellant.
 
 
 

Appeal From Union County
Robert E. Guess, Family Court Judge

Unpublished Opinion No. 2005-UP-212
Submitted March 1, 2005  Filed March 24, 2005

AFFIRMED

 
 
 
William E. Whitney, Jr., of Union, for Appellant.
George  Brandt, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  In this domestic action, Michael Glenn Craddock (Husband) appeals a family courts award of alimony and retirement benefits to Denise Craddock (Wife).  We affirm. [1]
FACTS
Husband and Wife married on March 31, 1972.  The couple parented two children, both having reached the age of majority by the time this action commenced.  Throughout the marriage, Husband worked for Norfolk Southern Railroad where he accumulated certain retirement benefits.  The parties purchased a home in Union County in 1988 and resided there together as husband and wife until they separated.      
On January 14, 2002, Wife commenced this action by filing a Petition for Decree of Separate Maintenance.  In her petition, Wife sought, inter alia, the marital residence, alimony, and a division of marital property.  Wife asserted the couple separated on November 19, 2001.  In his answer and counterclaim, Husband contested Wifes claim to the marital home and disputed the date of separation.  Husband alleged the parties separated on January 15, 2000, and lived separate and apart continuously since that time.  Therefore, Husband asserted he was entitled to a divorce on the ground of one years continuous separation.  Wife filed an answer to Husbands counterclaim reaffirming the date of separation put forward in her pleadings.
A hearing on the merits was held on January 27, 2003.  At the beginning of the proceedings, Wife moved to amend her pleadings to request a divorce on the ground of one years continuous separation.  The trial court granted the request without objection from Husband.  On June 25, 2003, the court issued an order granting a divorce to Wife.  
Relying partially on the testimony presented as well as general agreement among the parties, the court found Wife earned approximately $2,000.00 a month, while Husband earned $5,655.00 per month.  Based on this finding, the court awarded Wife alimony in the amount of $1,075.00 a month.  In addition, using a property division of 50 percent, the court apportioned the marital property, including funds that accumulated in Husbands retirement account during the marriage.  Specifically, the court awarded Wife the marital residence, half of the proceeds in the parties bank account, and a portion of the Husbands retirement benefits.
Husbands retirement benefits with Norfolk Southern Railroad are divided into two categories  Tier I and Tier II.  The distribution amounts of Tier I benefits are controlled by federal law and cannot be altered by a state court order.  Under Tier I, a divorced spouse meeting certain requirements will automatically receive benefits.  Tier II is not as strictly regulated and may be subject to equitable distribution.  
The court determined it would take a period of 40 years for Husbands retirement benefits to fully vest.  Because the parties were married for 30 years, or 75 percent of the time it would take for the benefits to vest, the court held Wife would be entitled one-half of 75 percent or 37.5 percent of the total Tier II benefits.[2]     
STANDARD OF REVIEW
In appeals from the family court, this court has the authority to find facts in accordance with its own view of the preponderance of the evidence.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  This broad scope of review does not, however, require this court to disregard the factual findings of the family court.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).
LAW/ANALYSIS
Husband first asserts the trial court erred in awarding alimony because the divorce should have been granted to him and there was no finding of fault.  We disagree.
The award of alimony rests within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of that discretion.  Jenkins v. Jenkins, 357 S.C. 354, 358, 592 S.E.2d 637, 639 (Ct. App. 2004) (citation omitted).  A court abuses its discretion when its decision is controlled by some error of law or its ruling lacks evidentiary support.  Hailey v. Hailey, 357 S.C. 18, 23, 590 S.E.2d 495, 497 (Ct. App. 2003).
There is no fixed standard as to the amount of alimony to be awarded.  A family court has discretion to determine the award after taking into consideration all of the relevant factors.  Rimer v. Rimer, 361 S.C. 521, 524, 605 S.E.2d 572, 574 (Ct. App. 2004).  Section 20-3-130(C) of the South Carolina Code (Supp. 2004) contains thirteen factors a court must consider, including: the duration of the marriage, the age and physical condition of both parties, their educational background, employment history, and the marital and nonmarital properties of the parties.  Fault is but one of the many factors a family court must consider when making such a decision.  See S.C. Code Ann. § 20-3-130(C)(10) (Supp. 2004).  Because it is clear from the family courts ruling that the appropriate factors were considered, we find Husbands argument that Wife was not entitled to alimony because there was not a finding of fault to be without merit.   
Similarly, Husbands argument that the trial court erred in granting alimony to Wife because he should have been granted the divorce is unconvincing.  For all practical purposes this argument is the equivalent of the former.  As noted previously, Husband petitioned the court for divorce on the non-fault ground of one years continuous separation.  Wife moved, without objection from Husband, to amend her pleadings to also include the no-fault ground.  It is clear from a review of the record that the court merely considered the testimony and made a factual determination that the parties separated on the date asserted by Wife.  Therefore, we find no error in the family courts award of alimony to Wife.
The Husband next contends the family court erred in awarding Wife a portion of his Tier II retirement benefits.    We disagree.  
The apportionment of marital property is within the discretion of the family court judge and will not be disturbed on appeal absent an abuse of discretion.  See Morris v. Morris, 295 S.C. 37, 39, 367 S.E.2d 24, 25 (1988).  South Carolina Code Ann. § 20-7-472 (Supp. 2004) requires that the family court consider fifteen factors and give each weight as it determines.  On review, this court looks to the fairness of the overall apportionment, and if the end result is equitable, the fact that this court might have weighed specific factors differently than the family court is irrelevant.  Johnson v. Johnson, 296 S.C. 289, 300-01, 372 S.E.2d 107, 113 (Ct. App. 1988); Doe v. Doe, 324 S.C. 492, 502, 478 S.E.2d 854, 859 (Ct. App. 1996) (the reviewing court will affirm the family court judges apportionment of marital property if it can be determined the judge addressed the relevant factors under section 20-7-472 with sufficiency for the reviewing court to conclude the judge was cognizant of statutory factors).
Significantly, Husband correctly admits his Tier II retirement benefits are marital property and subject to equitable distribution.  See e.g., S.C. Code Ann. § 20-7-472(8) (Supp. 2004).  Husband argues, however, that the family court erred in awarding Tier II benefits to Wife because she did not specifically ask for them.  We disagree.
Wife specifically asked in her pleadings for the court to grant her an order equitably dividing the real and personal property accumulated by the parties during the course of the marriage.  The parties also stipulated to the admission of a statement of Husbands retirement benefits.  Thus, having already found that Husbands Tier II benefits constitute marital property, we find the trial court properly considered the stipulated documents and made an appropriate award based on Wifes request.  
In this case, the overall distribution was 50 percent.  We find, given the statutory factors, that this distribution is fair and equitable.  Given the length of the marriage, the value of the marital property, and the incomes of both parties, we find the trial court did not abuse its discretion in its distribution of the marital property, including Husbands Tier II retirement benefits.  In identifying, valuing, and apportioning the property, the family court relied upon the testimony and stipulations from both parties.  After examination of both the parties testimony and the fifteen statutory factors listed in S.C. Code Ann. § 20-7-472, it is clear the family court divided the marital property in a fair manner.  
AFFIRMED.
HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] In its final order, the family court rounded Wifes award up to 38 percent.  Although Husband mentions this in his appeal, he does not specifically take exception to it, and thus, it has become the law of the case.  Tolers Cove Homeowners Assn, Inc. v. Trident Constr. Co., 355 S.C. 605, 610, 586 S.E.2d 581, 584 (2003) (holding unappealed portion of judgment becomes the law of the case).