741 S.E.2d 593

**Cynthia Heather SCHULTZE, Appellant,**

v.

**John Robert SCHULTZE, Respondent.**

**Appellate Case No. 2011–197293.**

**No. 5115.**

Court of Appeals of South Carolina.

Heard March 6, 2013.

Decided April 17, 2013.

Thomas F. McDow and Erin K. Urquhart, Law Office of Thomas F. McDow, of Rock Hill, for Appellant.

Tony M. Jones and Barrett W. Martin, Jones & Martin, of Rock Hill, for Respondent.

FEW, C.J.

Heather Schultze appeals the family court's decree of divorce that (1) equitably divided a portion of her retirement account to John Schultze, (2) equitably divided the parties' debts, and (3) awarded Heather $3,750 in attorney's fees. She argues the family court erred in apportioning both her retirement account and the parties' debts because those issues were not properly before the court. She also contends John presented insufficient evidence regarding both the amount and purpose of the debts. Finally, she argues if this court alters the decree of divorce in her favor, she is entitled to additional attorney's fees. We reverse the court's finding regarding Heather's retirement account, affirm the finding regarding marital debts, and remand the award of attorney's fees.

## I. Facts and Procedural History

Heather commenced this action for divorce in 2008, seeking custody of the parties' children, child support, alimony, equitable apportionment of property, and attorney's fees. The family court held a temporary hearing, and both parties submitted affidavits. In his affidavit, John stated, "To the best of my knowledge, my wife and I have already divided all of our personal property, as we have been separated for over three years."

The family court also held a pretrial conference and contemporaneously issued a form order that contained a list of issues to be addressed at trial. The issues listed on the pretrial order contained corresponding boxes for the court to check. Presumably, if the box next to an issue was checked, that issue was to be resolved at trial. According to the list, the issues for trial were limited to "divorce," "custody uncontested," "visitation uncontested," "child support guidelines," "equitable apportionment of real property," and "other retroactive child support/alimony." The order did not contain checks in the

corresponding boxes for "equitable apportionment of personal property" or "marital debt." Below that list within the same order, paragraph four was checked, which read, "The parties stipulate that all marital personal property has been divided to their mutual satisfaction." However, paragraph five was checked, which provided,

> Each party shall prepare a list of marital debts reflecting the balance as of, or as near to, the date of trial. These lists shall be exchanged between counsel. Upon the trial of the case, counsel should be prepared to present the Court with a stipulated balance of the marital debts.

In compliance with the court's pretrial order, both parties submitted pretrial briefs. Heather addressed the issue of personal property in her brief, stating,

> The pretrial order checks paragraph four (a) stating that "the parties stipulate that all marital personal property has been divided to their mutual satisfaction." This is consistent with [John's] affidavit.... The pretrial order specifically does not check paragraph four (b) stating "Within ____ days of this Order the parties shall exchange personal property lists reflecting a per-item value or auction date of all personal property, **including retirement accounts**...." This strongly suggests that the division of personal property included the retirement accounts of the parties.

(emphasis in original). In his pretrial brief, John represented, "The personal property has been agreed upon and divided between the parties."

At trial, John introduced evidence of both parties' retirement accounts and debts. However, neither party specifically asked the court to consider the retirement accounts in the equitable apportionment of the marital property. As to the marital debts, Heather agreed on cross-examination that a "fifty/fifty division of [the marital debts] would be fair in this case."[1]

The family court's decree of divorce divided both Heather's retirement account and the marital debts. The court ordered

---

1. Heather made this statement while being questioned about the parties' debts and her knowledge regarding those debts. We find from the context of the testimony that she was referring to a division of the parties' debts and not the marital estate as a whole.

Heather to pay John fifty percent of her retirement account—
$21,463 plus any passive gains or losses—and twenty-five
percent of the marital debts—$8,234. Finally, the court
awarded Heather $3,750 in attorney's fees.

## II.  Personal Property

■ The first issue before this court is whether it was error
to include Heather's retirement account in the equitable divi-
sion of the marital estate.  In her complaint, Heather sought
equitable division of the marital property.  Thus, the issue of
equitable apportionment of personal property, which includes
retirement accounts, was initially before the family court.  *See*
S.C.Code Ann. § 20–3–620(A) (Supp.2012) (providing the fami-
ly court has the authority to equitably divide marital property
"upon request by either party in the pleadings"); *see also*
*Jenkins v. Jenkins,* 357 S.C. 354, 361, 592 S.E.2d 637, 641
(Ct.App.2004) (holding Wife's retirement account was marital
property).

The parties agreed before trial, however, that the division of
personal property was no longer an issue for the court to
decide.  John informed the court by pretrial brief and affidavit
that personal property had been agreed upon and divided
between the parties.  Also, the pretrial order did not list
equitable division of personal property as an issue for trial.
The order stated, "The parties stipulate that all marital per-
sonal property has been divided to their mutual satisfaction."
A pretrial order "limits the issues for trial to those not
disposed of by admissions or agreements of counsel" and
"controls the subsequent course of the action. . . ." Rule 16(b),
SCRCP.  Thus, both parties and the court considered the
issue of equitable division of personal property to have been
resolved before trial.

■ After representing to the court that all issues regard-
ing personal property were resolved, John was required to
take formal action to bring the issue back before the court.
*See id.* (explaining the pretrial order "controls the subsequent
course of the action, *unless modified on motion, or at the trial*
to prevent manifest injustice" (emphasis added)).  If John
wanted the court to disregard the parties' agreement and
consider personal property in its equitable division, he was

required to make a motion or otherwise ask the family court to do so. John did neither. Instead, he merely introduced evidence of the retirement accounts, which was relevant to other contested issues, such as attorney's fees[2] and alimony.[3]

Therefore, the issue of dividing Heather's retirement account was not before the family court. We reverse the court's decision to rule on this issue.

### III. Marital Debts

Heather contends the issue of marital debts was also not before the court, and thus, the family court erred in requiring her to pay a portion of John's debts. She also argues the family court erred because there was no evidence the debts were incurred for marital purposes and no evidence of the balance of the debts on the date of separation or filing. We disagree.

As to whether the issue of marital debts was before the family court, the family court has the authority to equitably divide the marital estate "upon request by either party in the pleadings." § 20-3-620(A). In dividing the marital estate, the family court must consider "existing debts incurred by the parties or either of them during the course of the marriage." § 20-3-620(B)(13). Marital debt, like marital property, must be specifically identified and apportioned in equitable distribution. *Barrow v. Barrow*, 394 S.C. 603, 610, 716 S.E.2d 302, 306 (Ct.App.2011).

Heather pled equitable apportionment of property in her complaint, thus the issue of dividing the marital debts was presented to the court. Even though the family court left the

---

2. "In deciding whether to award attorney's fees and costs, the court should consider the following factors: ... (3) the financial conditions of the parties...." *Lewis v. Lewis*, 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct.App.2012).

3. "In making an award of alimony or separate maintenance and support, the court must consider and give weight in such proportion as it finds appropriate to all of the following factors: ... (8) the marital and non-marital properties of the parties, including those apportioned to him or her in the divorce or separate maintenance action; ... (13) such other factors the court considers relevant." S.C.Code Ann. § 20-3-130(C) (Supp.2012).

8

issue of "marital debts" unchecked on the pretrial order, paragraph five was checked, which required the parties to exchange a list of marital debts before trial. Unlike the issue of personal property discussed above, the division of marital debts was still at issue prior to trial. Therefore, the issue was properly before the family court, and the court did not err in addressing it.

■■ Heather next argues John presented insufficient evidence as to the marital purpose of the debts or their balance on the date of separation or filing. "For purposes of equitable distribution, a marital debt is a debt incurred for the joint benefit of the parties regardless of whether the parties are legally liable or whether one party is individually liable." *Wooten v. Wooten*, 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) (internal quotation marks omitted). There is a rebuttable presumption that a debt of either spouse incurred prior to the beginning of marital litigation is marital and must be factored in the totality of equitable apportionment. *Thomson v. Thomson*, 377 S.C. 613, 624, 661 S.E.2d 130, 136 (Ct.App.2008). Therefore, when a debt is proven to have accrued before the commencement of marital litigation, the burden of proving the debt is non-marital rests on the party who makes such an assertion. *Wooten*, 364 S.C. at 547, 615 S.E.2d at 105.

■ We first note that the appellant bears the burden of providing a record on appeal sufficient for intelligent review and from which an appellate court can determine whether the trial court erred. *Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct.App.1987). The record in this case provided little of the trial transcript, making it difficult to know the context of the testimony. Heather's brief and reply brief include citations to testimony that were not included in the record on appeal. For this court to evaluate the merits of a disputed issue, the appellant must provide the court with a sufficient record pertaining to that issue; otherwise, there is nothing for this court to review. *Porter Bros., Inc. v. Specialty Welding Co.*, 286 S.C. 39, 42, 331 S.E.2d 783, 784–85 (Ct.App.1985).

■ We know from the record, however, that Heather filed her complaint July 11, 2008. The record also establishes John introduced at trial a marital assets addendum reflecting

the debts that existed at the time the action was filed, which included credit card statements dated 2005. Moreover, John presented proof that payments were made on these credit cards from the joint bank account during the marriage. Thus, because John showed proof of the existence of debts that accrued before Heather filed the lawsuit, Heather had the burden to prove the debts were not incurred for the joint benefit of the parties. *See Wooten*, 364 S.C. at 547, 615 S.E.2d at 105.

According to the record on appeal, the only evidence Heather put forth to prove the debts were non-marital is limited to three short lines of testimony. This testimony shows she knew John had *some* credit card debt when they separated, though she did not know how much or for what purpose the credit cards were used. Heather argues her lack of knowledge regarding these debts suggests they were incurred for a non-marital purpose. We disagree. Heather had the burden to prove the debts were non-marital in nature, and pleading ignorance to the nature of debts that accrued during the marriage is insufficient to sustain that burden. Therefore, we find the court properly apportioned the debts because Heather did not sustain her burden of showing the debts were non-marital.

## IV. Attorney's Fees

Finally, Heather argues if this court modifies any portion of the decree of divorce in her favor, there should be an upward modification in her attorney's fees. When a party obtains beneficial results on appeal, the attorney's fee award may be modified. *Mallett v. Mallett*, 323 S.C. 141, 154, 473 S.E.2d 804, 812 (Ct.App.1996). Because Heather obtained beneficial results on appeal with regard to the apportionment of her retirement account, we remand the issue of attorney's fees to the family court to decide if any modification is warranted.

## IV. Conclusion

Accordingly, we (1) reverse the court's finding regarding personal property because the issue was not properly before the court, (2) affirm the court's finding regarding marital

debts because Heather did not sustain her burden of showing the debts were non-marital in nature, and (3) remand the award of attorney's fees to the family court in light of this court's reversal of the apportionment of Heather's retirement account.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED IN PART.**

GEATHERS and LOCKEMY, JJ., concur.