**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Desiree Gabriel Brown, Respondent,

v.

Wendell Brown, Appellant.

Appellate Case No. 2009-138747

_____

Appeal From York County
Georgia V. Anderson, Family Court Judge

_____

Unpublished Opinion No. 2014-UP-307
Heard October 7, 2013 – Filed July 30, 2014

_____

**AFFIRMED**

_____

Thomas F. McDow, IV, and Erin K. Urquhart, both of the Law Office of Thomas F. McDow, of Rock Hill, for Appellant.

David Christopher Shea, of the Law Offices of Shea and Barron, of Columbia, for Respondent.

_____

**PER CURIAM:** In this divorce action, Wendell Brown ("Father") appeals the family court's decision to (1) award joint custody of the parties' three children to

Father and Desiree Gabriel Brown ("Mother") and (2) award attorney's fees to Mother. We affirm.

1. We find the family court erred in ordering joint custody of the three children[1] without first finding there were exceptional circumstances meriting the award. *See Patel v. Patel*, 359 S.C. 515, 528, 599 S.E.2d 114, 121 (2004) ("Although the legislature gives family court[s] the authority to order joint or divided custody where the court finds it is in the best interests of the child, joint or divided custody should only be awarded where there are exceptional circumstances." (internal quotation marks and citation omitted)); *Scott v. Scott*, 354 S.C. 118, 125, 579 S.E.2d 620, 623-24 (2003) (noting joint custody is generally disfavored in South Carolina and should only be awarded under exceptional circumstances). However, due to the circumstances surrounding this appeal, we find it is in the remaining child's[2] best interests to maintain the current custody arrangement. *See Divine v. Robbins*, 385 S.C. 23, 32, 683 S.E.2d 286, 291 (Ct. App. 2009) ("In all child custody controversies, the controlling considerations are the child's welfare and best interests."); *Spreeuw v. Barker*, 385 S.C. 45, 61-62, 682 S.E.2d 843, 851 (Ct. App. 2009) (affirming the award of joint custody despite the family court's failure to find exceptional circumstances when a substantial amount of time elapsed between the issuance of the family court's final order and oral arguments, effectively rendering the record "cold" as to the issue of custody). Accordingly, we affirm the family court's order of joint custody.

2. We find the family court did not err in awarding Mother attorney's fees. *See Lewis v. Lewis*, 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct. App. 2012) ("The decision to award attorney's fees is within the family court's sound discretion, and although appellate review of such an award is de novo, the appellant still has the

---

[1] In its order, the family court granted joint custody of the three children to the parties with Father as primary custodian to the parties' oldest child and with Mother as primary custodian to the parties' youngest children.

[2] On the date of the issuance of the family court's final order, the children were eighteen years old, fourteen years old, and twelve years old. Due to problems obtaining the trial transcript, the appeal of this case was delayed nearly twenty months. Between the issuance of the family court's final order and oral arguments before this court, two of the three children have been emancipated, leaving only the youngest daughter's custody arrangement to be considered on appeal.

burden of showing error in the family court's findings of fact.").  The family court considered the appropriate factors in deciding to award attorney's fees, including Mother having prevailed on the issue of primary custody of the parties' youngest children.  *See Bennett v. Rector*, 389 S.C. 274, 284, 697 S.E.2d 715, 720-21 (Ct. App. 2010) (noting the family court should consider each party's ability to pay their fees, the beneficial results obtained by the attorney, the parties' financial conditions, and the fees' effect on the parties' standard of living).  Additionally, during its discussion of attorney's fees in the final order, the family court specifically found that Father was difficult during discovery of this divorce action. *See Bodkin v. Bodkin*, 388 S.C. 203, 223, 694 S.E.2d 230, 241 (Ct. App. 2010) ("This court has previously held when parties fail to cooperate and their behavior prolongs proceedings, this is a basis for holding them responsible for attorney's fees.").  Although Father takes issue with this finding, he has failed to include any relevant evidence for this court to review in determining whether the family court improperly relied on this finding in its award of attorney's fees.  Accordingly, we affirm the family court's award of attorney's fees to Mother.  *See Schultze v. Schultze*, 403 S.C. 1, 8, 741 S.E.2d 593, 597 (Ct. App. 2013) (noting "the appellant bears the burden of providing a record on appeal sufficient for intelligent review and from which an appellate court can determine whether the [family] court erred").

**AFFIRMED.**

**WILLIAMS and THOMAS, JJ., and CURETON, A.J. concur.**