**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eric Nelson, Appellant,

v.

Tonya Kennon Brooks f/k/a Tonya Kennon, Respondent.

Appellate Case No. 2014-000259

---

Appeal From Charleston County
Jocelyn B. Cate, Family Court Judge

---

Unpublished Opinion No. 2015-UP-422
Submitted July 1, 2015 – Filed August 12, 2015

---

**AFFIRMED**

---

Robert Lee Gailliard, of Robert L. Gailliard, Attorney at Law, of Charleston, for Appellant.

James Kristian Falk, of Falk Law Firm, LLC, of Charleston, for Respondent.

Elizabeth J. Stringer, of Stringer & Stringer, of Charleston, Guardian ad Litem.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. The family court did not err in finding it would be in the child's best interest to award the parties joint custody with Tonya Kennon Brooks as the primary custodial parent. *See Simmons v. Simmons,* 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis,* 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." (footnote omitted)); *Simcox-Adams v. Adams*, 408 S.C. 252, 259-60, 758 S.E.2d 206, 210 (Ct. App. 2014) ("The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings."); *Lewis*, 392 S.C. at 388–89, 709 S.E.2d at 654 ("Stated differently, de novo review neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court." (italics omitted)); *Brown v. Brown*, 362 S.C. 85, 95, 606 S.E.2d 785, 790 (Ct. App. 2004) ("[T]he [child's] best interests—not the [child's] preference—is the cardinal determination in custody decisions.").

2. This court does not have an adequate record to review whether the family court erred in not finding the guardian ad litem violated the standard of impartiality by displaying a bias for Brooks over Eric Nelson:  The record does not contain a transcript from the hearing on Father's motion to relieve the GAL; thus, Nelson has not provided this court an adequate record to review the family court's decision. *See Schultze v. Schultze*, 403 S.C. 1, 8, 741 S.E.2d 593, 597 (Ct. App. 2013) ("[T]he appellant bears the burden of providing a record on appeal sufficient for intelligent review and from which an appellate court can determine whether the [family] court erred."); *id*. ("For this court to evaluate the merits of a disputed issue, the appellant must provide the court with a sufficient record pertaining to that issue; otherwise, there is nothing for this court to review.").

3. The family court did not err in prohibiting Nelson from exercising overnight visitation with the child at the residential care facility.  The family court made several findings to support its decision, and those findings are supported by the record.  Nelson has not persuaded this court that a preponderance of the evidence is against the family court's findings. *See Wilburn v. Wilburn*, 403 S.C. 372, 380, 743 S.E.2d 734, 738 (2013) (noting the de novo standard of review "does not relieve the appellant of the burden of identifying error in the family court's findings" and

"the decision of the family court will be upheld unless [this court] finds that a preponderance of the evidence weighs against the family court's decision").

4. Nelson's argument that the family court erred in requiring Nelson to pay the balance of the guardian ad litem's fees is not preserved. *See Buist v. Buist*, 401 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court to be preserved."); *id.* at 576-77, 766 S.E.2d at 384-85 (holding a motion to reconsider constitutes a timely challenge to a fee award but finding the husband failed to preserve his argument when his motion to reconsider was not sufficiently specific); *Dodge v. Dodge*, 332 S.C. 401, 418, 505 S.E.2d 344, 352-53 (Ct. App. 1998) ("The father's argument regarding the amount of the guardian ad litem's fee is not preserved for appeal inasmuch as the father failed to specifically raise the issue in his Rule 59(e), SCRCP, motion for reconsideration.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.