**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Suzanne Marie Pearson Larson, Respondent,

v.

Jonathan Eric Larson, Appellant.

Appellate Case No. 2014-001790

———————

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

———————

Unpublished Opinion No. 2015-UP-541
Submitted October 1, 2015 – Filed November 25, 2015

———————

**AFFIRMED**

———————

Richard H. Rhodes and William Hardwick Rhodes, Burts
Turner & Rhodes, of Spartanburg, for Appellant.

Scott Franklin Talley, Talley Law Firm, P.A., of
Spartanburg, for Respondent.

———————

**PER CURIAM:** Jonathan Larson (Husband) appeals the family court's divorce
decree and final order, arguing the family court erred in apportioning half of the
student loan debt incurred by Suzanne Larson (Wife). First, Husband argues the
family court erred in requiring him to pay half of the student loans which were
used to pay educational institutions because Wife obtained the college credits.

Second, Husband argues the family court erred in requiring him to pay half of all of the college loans because Wife forged Husband's name on the loans and he was not aware of the loans.  Third, Husband argues the family court erred in requiring him to pay half of all the college loans because Wife did not document that all of the loan proceeds were used for marital purposes.  Fourth, Husband argues the family court erred because, in equity, Husband should not have been required to pay half of all of the loans.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Husband's first argument:  *Sanderson v. Sanderson*, 391 S.C. 249, 255, 705 S.E.2d 65, 67 (Ct. App. 2010) ("A point not specifically raised to and ruled upon by the [family] court will not be considered on appeal."); *Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue is not preserved where the [family] court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment.").

2.  As to Husband's second and third argument:  *Wooten v. Wooten*, 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) (defining marital debt as "debt incurred for the joint benefit of the parties regardless of whether the parties are legally liable or whether one party is individually liable"); *id.* (stating section 20-3-620(13) of the South Carolina Code "creates a rebuttable presumption that a debt of either spouse incurred prior to the beginning of marital litigation is a marital debt and must be factored in the totality of equitable apportionment"); *id.* ("Marital debt, like marital property, must be specifically identified and apportioned in equitable distribution."); *Schultze v. Schultze*, 403 S.C. 1, 9, 741 S.E.2d 593, 597-98 (Ct. App. 2013) (holding lack of knowledge regarding debt accrued during the marriage is insufficient to sustain the burden of showing the debts were non-marital).

3.  As to Husband's fourth argument:  *Sanderson*, 391 S.C. at 255, 705 S.E.2d at 67 ("A point not specifically raised to and ruled upon by the [family] court will not be considered on appeal."); *Roe*, 369 S.C. at 376, 631 S.E.2d at 330 ("An issue is not preserved where the [family] court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.