**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James Anthony Primus, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2019-001277

---

Appeal From The Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-059
Submitted January 1, 2022 – Filed February 9, 2022

---

**AFFIRMED**

---

James Primus, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** James Primus appeals an order from the Administrative Law Court (ALC) dismissing his appeal of a determination by the South Carolina Department of Corrections (SCDC) that his conviction for assault and battery of a high and aggravated nature (ABHAN) was correctly calculated and the SCDC was not required to file a declaratory judgment action on his behalf. On appeal, Primus argues the ALC erred in finding the SCDC correctly calculated his sentence and

argues his ABHAN conviction is unsupported due to the State's failure to obtain an arrest warrant and indictment for this offense. The ALC did not err in dismissing Primus's appeal because he failed to present any evidence that the SCDC modified, altered, or reinterpreted his sentence. Accordingly, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 334, 210 S.E.2d 309, 310 (1974) ("The burden of proof is on the appellant to convince [an appellate court] that the [ALC] was in error."); *Schultze v. Schultze*, 403 S.C. 1, 8, 741 S.E.2d 593, 597 (Ct. App. 2013) ("[T]he appellant bears the burden of providing a record on appeal sufficient for intelligent review and from which an appellate court can determine whether the [ALC] erred.").[1]

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] To the extent Primus argues his ABHAN conviction was improper because there was no arrest warrant or indictment, we find this issue is not preserved. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC] to be preserved for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.